### In re CARBON DIOXIDE ANTITRUST LITIGATION,

**This Document relates to:
ALL ACTIONS.**

**M.D.L. No. 940.**

United States District Court,
M.D. Florida,
Orlando Division.

April 19, 1993.

---

Dianne M. Nast, Steven M. Steingard, William E. Hoese, Kohn, Nast & Graf, P.C., David Berger, Berger & Montague, P.C., Philadelphia, PA, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Jerome W. Hoffman, Scott Edward Clodfelter, Lizabeth Ann Leeds, Attorney General's Office, Dept. of Legal Affairs, Antitrust Section, Tallahassee, FL, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Opperman, Heins & Paquin, Minneapolis, MN, for Carbon Dioxide Industry Antitrust Litigation.

Jerome W. Hoffman, Scott Edward Clodfelter, Lizabeth Ann Leeds, Tallahassee, FL, for State of Florida, ex rel. Robert A. Butterworth.

Dianne M. Nast, Steven M. Steingard, William E. Hoese, Kohn, Nast & Graf, P.C., David Berger, Berger & Montague, P.C., Philadelphia, PA, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Opperman, Heins & Paquin, Minneapolis, MN, for Flame Welding Supply, Inc., Fairbank Reconstruction Corp., Seven–Up Bottling Co., Fairbank Farms, Inc.

Michael J. Freed, Steven A. Kanner, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, for Better Beverages Inc.

Vance K. Opperman, Richard A. Lockridge, Opperman, Heins & Paquin, Minneapolis, MN, John P. Bailey, Bailey Law Offices, Bemidji, MN, Lynn L. Sarko, Keller & Rohrback, Seattle, WA, James S. Bailey, Todd R. Seelman, Bailey, Harring & Peterson, P.C., Denver, CO, for H.E. Everson Co., Inc.

Allyn Zissel Lite, Goldstein, Till, Lite & Reiken, Newark, NJ, for Vineland Syrup, Inc.

Hal Kemp Litchford, Orlando, FL, Robert J. Rohan, Rohan, Goldfarb & Shapiro, P.S., Seattle, WA, for A & W Bottling Inc.

Hal Kemp Litchford, Orlando, FL, John F. Innelli, Rudolph, Seidner, Goldstein, Rochestie & Salmon, P.C., Philadelphia, PA, for Multi–Flow Dispensers.

Hal Kemp Litchford, Orlando, FL, Edward A. Berman, Edward A. Berman, P.C., Chicago, IL, Guido Saveri, Saveri & Saveri, Francis O. Scarpulla, San Francisco, CA, for Industrial Testing Laboratories, Inc.

Vance K. Opperman, Richard A. Lockridge, W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, MN, John P. Bailey, Bailey Law Offices, Bemidji, MN, Allen D. Black, Arthur Kaplan, Fine, Kaplan & Black, Philadelphia, PA, Joseph Goldberg, Freedman Boyd Daniels Peifer, Hollander Guttman & Goldberg, Albuquerque, NM, Thomas K. Brill, Isaac L. Diel, Mission Hills, KS, James S. Bailey, Todd R. Seelman, Bailey, Harring & Peterson, Denver, CO, for Bemidji Welders Supply, Inc., Dakota Beverages Inc., Pepsicola Bottling Co. of Fargo, Inc., Mindak Beverages Inc., Pepsicola Bottling Co. of Sioux Falls, Inc.

Jeffrey M. Forster, Berliner, Cohen & Biagini, San Jose, CA, Melvyn Lee Segal, Melvyn L. Segal & Associates, Chicago, IL, for Carbonic Service Co., Inc.

Richard A. Lockridge, Minneapolis, MN, Jeffrey M. Forster, Berliner, Cohen & Bragini, San Jose, CA, Melvyn Lee Segal, Melvyn L. Segal & Associates, Chicago, IL, for George Rossman Inc.

Glynna W. Freeman, John F. Kinney, James T. Malysiak, Lee A. Freeman, Jr., Freeman, Freeman & Salzman, P.C., Chicago, IL, for Pepsico Inc., Hondo Inc., Herbco Enterprises, Inc., Anheuser–Busch, Inc., Cargill Inc., Coca–Cola Co., Doskocil Companies Inc., Excel Corp., FDL Foods Inc., Kraft General Foods, Inc., Sara Lee Corp.

John Philip McCarthy, Law Offices of John Philip McCarthy, Philadelphia, PA, for Gas Arc Supply Inc.

James B. Sloan, William T. Gotfryd, Pedersen & Houpt, Chicago, IL, for Schwan's Sales Enterprises, Inc.

Mark Reinhardt, Sara L. Madsen, Reinhardt & Anderson, St. Paul, MN, Charles H. Johnson, Charles H. Johnson & Associates, New Brighton, MN, for Michael J. Iannacone.

James Robert Lussier, David Leonard Evans, Mateer, Harbert & Bates, P.A., Rafael Eduardo Martinez, Thomas Earle Dukes, III, Jeffrey S. Badgley, Sanders, McEwan, Mims & Martinez, P.A., John Edwin Fisher, James Michael Talley, Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, FL, Patrick J. Heneghan, William G. Schopf, Jr., Arthur J. Howe, Schopf & Weiss, Chicago, IL, Timothy Desmond Kelly, Wendy A. Snyder, Kelly & Berens, Minneapolis, MN, for Liquid Air Corp.

Michael Sennett, Michael A. Forti, Michael J. Abernathy, Bell, Boyd & Lloyd, Chicago, IL, Christopher K. Kay, Foley & Lardner, Jeffrey S. Badgley, Sanders, McEwan, Mims & Martinez, P.A., Orlando, FL, for Liquid Carbonic Indus. Corp.

John E. Burke, Burke, Bosselman & Weaver, Chicago, IL, Rafael Eduardo Martinez, Thomas Earle Dukes, III, Jeffrey S. Badgley, Sanders, McEwan, Mims & Martinez, P.A., Orlando, FL, Claudia J. Lovelette, Nicholas J. Bua, Burke, Bossleman & Weaver, Chicago, IL, for The Boc Group, Inc.

Eric N. Macey, Bruce Braverman, Novack and Macey, Chicago, IL, for American Cryogas Indus., Inc.

Steven R. Kuney, Williams & Connolly, Washington, DC, Leland W. Hutchinson, Jr.,

Freeborn and Peters, Chicago, IL, for Archer Daniels Midland Co.

## *ORDER*

FAWSETT, District Judge.

This case is before the Court upon Representative Plaintiffs' Motion for Class Certification (Doc. No. 31, filed November 16, 1993); Representative Plaintiffs' Memorandum in Support of Class Certification (Doc. No. 36, filed November 17, 1993); Memorandum of Defendants in Opposition to Motion for Class Certification (Doc. No. 63, filed January 14, 1993; originally filed under seal December 23, 1992 as Doc. No. S–1); Representative Plaintiffs' Reply Memorandum in Support of Class Certification (Doc. No. 74, filed January 22, 1993); Defendants' Affidavit of Franklin M. Fisher (Doc. No. 98, filed February 23, 1993); Plaintiff's Amendment to Class Definition (Doc. No. 102, filed March 11, 1993); Plaintiffs' Affidavit of John C. Beyer (Doc. No. 111, filed March 17, 1993); Plaintiffs' Designations Pursuant to the Order of March 23, 1993 (Doc. No. 123, filed March 25, 1993); Defendants' Designations Pursuant to the Orders of February 3 and March 23, 1993, attached to Defendants' Notice of Filing (Doc. No. 125, filed March 29, 1993); and Plaintiffs' Counter–Designations, attached to Plaintiffs' Notice of Filing (Doc. No. 132, filed April 2, 1993). The Court conducted a full-day hearing on March 19, 1993 to consider the issue of class certification.

## I.  FACTS

Class Plaintiffs ("Plaintiffs") in this case are bulk purchasers of carbon dioxide. The Defendants named in the class action ("Defendants") are the leading producers of carbon dioxide in the United States. Plaintiffs' Class Complaint (Doc. No. 15, filed October 13, 1992), brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, alleges that Defendants conspired to restrain trade in the sale of carbon dioxide during the period January 1, 1968 through October 26, 1992 in violation of § 1 of the Sherman Act.

Plaintiffs allege that Defendants, through meetings and telephone conversations, con-

spired to restrain trade in the sale of carbon dioxide by: (1) exchanging pricing and bidding information among themselves in order to avoid price competition; (2) allocating contracts among themselves to avoid price competition; (3) not attempting to obtain the business of any carbon dioxide user under contract with a co-conspirator when legally able to do so, if the carbon dioxide was being supplied at or below the published schedule price; and (4) submitting complementary bids or price quotes, when necessary to avoid price competition.

Pursuant to Rule 23, Plaintiffs seek to certify a class consisting of:

all individuals and entities (excluding all governmental entities, and defendants and other carbon dioxide producers and their respective subsidiaries and affiliates) in the continental United States that purchased carbon dioxide directly from any Defendant (including their respective subsidiaries or affiliates), at any time during the period of January 1, 1968 to and including October 26, 1992.

Defendants oppose certification of this class on the ground that common issues do not predominate over individual issues. Specifically, Defendants contend that Plaintiffs have no methodology for proving their case on a class-wide basis and thus fail to satisfy the requirements of Rule 23(b)(3).

## II. RULE 23(a) REQUIREMENTS

■ In seeking to certify a class pursuant to Rule 23, Plaintiffs bear the burden of showing that the requirements of Rule 23 are satisfied. *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir.1984). For the purposes of class certification, however, the Court accepts the Plaintiffs' substantive allegations as true. *See In re Infant Formula Antitrust Litigation*, MDL 878, slip op. at 6, 1992 WL 503465 (N.D.Fla. Jan. 13, 1992) (hereinafter *"In re Infant Formula"*) (citing *Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 661 n. 15 (2d Cir.1978)). The Court resolves any doubt in favor of class certification. *See Id.* (citing *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.), *cert. denied*, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *see also Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir.1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969)).

In the instant case, Plaintiffs must first satisfy the four requirements of Rule 23(a): (1) Numerosity; (2) Commonality; (3) Typicality; and (4) Adequacy. Although Defendants do not contest that Plaintiffs satisfy these requirements, the Court must also be satisfied.

### (1) Numerosity

■ Plaintiffs must establish that "the class is so numerous that joinder of all members is impracticable...." Fed.R.Civ.P. 23(a)(1). "To meet this requirement, plaintiffs need not prove the exact size of the proposed class, but rather need demonstrate only that the number is exceedingly large, and joinder impracticable." *In re Infant Formula* at 7 (citing *Anderson v. Bank of South, N.A.*, 118 F.R.D. 136, 145 (M.D.Fla. 1987). Plaintiffs contend that the class, consisting of all purchasers of carbon dioxide from the Defendants, "numbers in the thousands and therefore meets the numerosity requirement." (Doc. No. 36 at p. 5). Thus, Plaintiffs' proposed class meets the requisite of numerosity.

### (2) Commonality

Plaintiffs must also show that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Plaintiffs allege a horizontal conspiracy to stabilize prices in a single, fungible product in violation of the Sherman Act. By their nature, antitrust conspiracy actions such as this one involve common questions of law or fact. *See In re Infant Formula* at 8 (citing *Cumberland Farms, Inc. v. Browning–Ferris Indus.*, 120 F.R.D. 642, 647 (E.D.Pa.1988); *In re Alcoholic Beverages Antitrust Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y.1982). Many of the issues in the instant action concern the Defendants' alleged conspiracy and the manner in which it may have affected the class as a whole, and thus, resolution of these claims involves questions of law or fact common to the class.

### (3) Typicality

The next requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class...." Fed.R.Civ.P. 23(a)(3). As the Plaintiffs note, the court in *In re Domestic Air Transport Litigation*, 137 F.R.D. 677, 698 (N.D.Ga.1991), explained this requirement by stating:

> A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." 3 *Newberg on Class Actions*, § 18.09 at 464. In addition, "the requirements may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class." 7A Wright and Miller, *Federal Practice & Procedure* § 1764 (1986); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985).

(Doc. No. 36 at p. 8–9). In the instant case, Representative Plaintiffs' claims are like those of the other class members in that Representative Plaintiffs seek to show that they suffered an antitrust injury from the alleged conspiracy among the Defendants. Defendants do not challenge the typicality of class representatives' claims, and therefore, the Court finds that Rule 23(a)(3) is satisfied.

### (4) Adequacy

The final requirement is that "the representative parties will fairly and adequately protect the interests of the class," Fed. R.Civ.P. 23(a)(4), which is to say that the Plaintiffs' interests are not antagonistic to the class and that the Plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975); *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985). There is no indication in the instant case that the interests of the representative parties differ in any way from the other class members.

Moreover, the Court has reviewed the credentials of proposed counsel for the representative parties and finds no reason to doubt their qualifications or ability to conduct this litigation in a manner that protects the other class members.

Therefore, the Court is satisfied that the proposed class meets all four requirements of Rule 23(a).

### III. RULE 23(B)(3) REQUIREMENTS

Having found that Plaintiffs satisfy the 23(a) requirements, the Court must now determine whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The is the central issue contested by the Defendants.

The thrust of Defendants' argument is that Plaintiffs do not and cannot provide a common methodology for proving their case on a class-wide basis, and therefore that the issues in this case should be resolved on an individual basis. Furthermore, Defendants contend that their defense would consist of individualized evidence which varies for each customer, and that this evidence would be denied them if the class were certified.

In support of their argument, Defendants offer the expert opinion of Dr. Franklin M. Fisher, Professor of Economics at the Massachusetts Institute of Economics. In Dr. Fisher's opinion, the factors affecting the price of carbon dioxide vary too extensively to be controlled in a formula, and therefore the existence of antitrust injury cannot be demonstrated on a class-wide basis. (Fisher Aff., Doc. No. 98 at p. 3).

Plaintiffs, on the other hand, offer the expert opinion of Dr. John C. Beyer, President of Nathan Associates Inc., an economic and management consulting firm founded in 1946. It is Dr. Beyer's opinion that the Defendants' alleged collusion would produce a common impact on the class and that there are formula-based damage methodologies that can be applied to each member's claims. Using the analysis that he proposes for a

specified time period, Dr. Beyer found that even though the class representatives paid different prices, there was similar movement in those prices. (Beyer Aff., Doc. No. 111 at pp. 12–13). He avers that this was so despite the fact that the class representatives are geographically diverse and utilize carbon dioxide for different purposes. Dr. Beyer concludes that the individualized factors systematically affecting price are volume of purchases, distribution cost, and production cost, and that these variables can be controlled in the formulas used to estimate damages. (Beyer Aff., Doc. 111 at p. 17).

The Court was impressed by the credentials and testimony of both experts, and the Court takes seriously the Defendants' concerns about the Plaintiffs' methodology and the extent to which it relies on average pricing and does not account for the individualized nature of each purchase of carbon dioxide. Nevertheless, the Court finds the weight of legal authority tips the balance in favor of class certification in this case.

The same potential problems that Defendants contend are present here have occurred in many complex antitrust contexts, yet courts have consistently found that "[w]here a horizontal price-fixing conspiracy is alleged, the questions common to the class predominate over questions that may affect only individual class members." *In re Infant Formula* at 12 (citing *In re Chlorine and Caustic Soda Antitrust Litigation*, 116 F.R.D. 622 (E.D.Pa.1987); *Fisher Bros. v. Mueller Brass Co.*, 102 F.R.D. 570 (E.D.Pa. 1984)). The Court agrees with Judge Paul's statement that:

> "[C]ontentions of infinite diversity of product, marketing practices, and pricing have been made in numerous cases and rejected. Courts have consistently found the conspiracy issue the overriding, predominant question." *In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 734 (N.D.Ill.1977). The primary focus of the court's inquiry is liability. *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534–35 (S.D.Fla.1986). The issue of individual damages will not defeat an oth-

erwise valid class certification attempt. *See In re Corrugated Container Antitrust Litigation*, 80 F.R.D. 244, 249 (S.D.Tex. 1978).

*In re Infant Formula* at 13.

Despite the Defendants' contention that the individualized nature of each transaction undermines the potential for determining any class-wide impact of the alleged conspiracy, the fact remains that the instant case involves a single, homogeneous product. This case does not involve such additional factors as separate products subsumed within a general category, custom manufacturing, or different varieties of formulation, and thus this case is far less complex than other cases in which a class has been certified. Thus, while individual issues will be relevant in the case, common questions of law or fact will predominate.

In addition, Defendants do not argue that another organizational method is superior to a class action for the fair and efficient adjudication of this controversy. Defendants assert that Plaintiffs' damage claims will require thousands of "mini-trials." Even if this were true, however, certifying the class for the purpose of determining liability would still be a significant efficiency gain.[1] Realistically, however, a class action is the best organizational method for this case, and the Court finds that Plaintiffs have carried their burden under Rule 23(b)(3).

## IV. CONCLUSION

After considering all the evidence provided in this case, the Court finds that class certification is appropriate. Accordingly, Plaintiffs' Motion for Class Certification (Doc. No. 31) is GRANTED. Within twenty days (20) from the date of this Order, the Plaintiffs shall submit recommendations to the Court concerning the appropriate method for class notification. Within ten (10) days thereafter Defendants shall submit a response to Plaintiffs' recommendations.

**DONE AND ORDERED.**

---

1. While it may be necessary to revisit class certification for the purpose of calculating damages, there is no reason to make that determination at this stage in the case.