Glenn A. FULLER, Vera J. Fuller, Charles F. Curry and Norma Curry, on behalf of themselves and others similarly situated, Plaintiffs,

v.

BECKER & POLIAKOFF, P.A., and Chris Alan Draper, Defendants.

No. 8:00–CV–341–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Nov. 9, 2000.

Christopher N. Giuliana, Dunedin, FL, O. Randolph Bragg, Horwitz Horwitz & Associates, Chicago, IL, for plaintiffs.

Richard M. Zabak and Gary J. Rhoden, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendants.

## MOTION FOR CLASS CERTIFICATION

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plaintiffs' Motion for Class Certification (Dkt. 17), and Defendants' response (Dkt. 23). This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 (Fair Debt Collection Practices Act) and 28 U.S.C. § 1367.

## BACKGROUND

Plaintiffs' cause of action is predicated on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (FCCPA). Plaintiffs assert that Defendants have violated the FDCPA and the FCCPA through deceptive, unfair collection practices. The proposed class will include all persons to whom collection letters were sent to collect a debt incurred from recreational property memberships that the U.S. Postal Service did not return as undeliverable. The letters were directed to members of the Deer Creek Phase Two Undivided Interest Property Owners' Association that were delinquent in their payment of dues. The difference in the statute of limitations between the two acts under which this dispute arises causes the class to be subdivided into two (2) classes. FDCPA Subclass A includes class members who were sent a collection letter between the dates of February 18, 1999 and February 18, 2000. FCCPA Subclass B includes class members who were sent a collection letter between the dates of February 18, 1996 and February 18, 2000.

Plaintiffs contend Defendants sent collection letters to class members: (1) failing to state the amount of the debt; (2) contradicting and overshadowing the validation notice; (3) falsely representing a remedy available to the creditor, and (4) using false representation or deceptive means in an attempt to collect the debt. Defendants counter that

their actions do not violate the FDCPA and the FCCPA, and offer that any violations are that of a technical nature.

## STANDARD FOR CLASS CERTIFICATION

█ Plaintiffs must meet two distinct prerequisites for a successful class certification. First, there must be an individual plaintiff with a cognizable claim. In determining whether a class will be certified, the Court will not examine the merits of the case. Rather, the substantive allegations of the complaint should generally be taken as true. *See In re Carbon Dioxide Antitrust Lit.,* 149 F.R.D. 229, 232 (M.D.Fla.1993). Second, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be fulfilled. Fed. R.Civ.P. 23(a) requires that: (1) the class is so numerous joinder is impracticable; (2) questions of law or fact must be common to the class; (3) the claims and defenses of the representative parties must be typical of the claims or defenses of the class, and (4) the representative of the class will fairly and adequately protect the interests of the class.

### A. Standing

Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made. *See Angel Music, Inc. v. ABC Sports, Inc.,* 112 F.R.D. 70, 73 (S.D.N.Y. 1986). However, the Court also reserves the right to view the substantive allegations of the complaint as true. *See In re Carbon Dioxide Antitrust Lit.,* 149 F.R.D. 229, 232 (M.D.Fla.1993). "In determining whether a class will be certified, the Court will not examine the merits of the case." *Id.* Plaintiffs contend Plaintiffs' claim is valid under the FDCPA and the FCCPA. 15 U.S.C. § 1692(e) prohibits the use of threats of unintended actions or actions that cannot be legally taken. Florida Statute § 559.72(9) prohibits the practice of a debt collector to "... assert the existence of some other legal right when such person knows that the right does not exist."

The letter sent to the prospective class members stated:

In the event that you do not choose one of the two above options and communicate that acceptance to the undersigned on or before thirty (30) days from the date this letter is sent, *we shall proceed to enforce through the filing of a lawsuit against all delinquent owners. This will result in the incurrence of a substantial amount of attorney's fees and costs, which you are personally liable for* and which can also constitute a judgement against any property you own, whether within or without the State of Florida. (emphasis supplied)

Defendants' statement conveys to those who received the letter that if one of two options is not exercised, a lawsuit will be filed against Plaintiffs and Plaintiffs will be responsible for the legal expenses incurred. Vera Fuller, one of the representative plaintiffs, states in her deposition, (Dkt. 26), "Well, I thought we were getting sued, and I figured that we need to take it [the letter] to a lawyer who understands this stuff." (Fuller Deposition, 54:24–25). The thrust of Defendants' assertion against class certification is Defendants' claim of a technical violation. The Court finds that, in reviewing the substantive claims of the Plaintiffs, those in receipt of the letter from Defendants were threatened with the action of a lawsuit. Therefore, Plaintiffs have standing to bring suit against Defendants.

### B. Numerosity

█ To satisfy the numerosity requirement, the prospective class must be "so numerous that joinder of the members is impracticable." Fed.R.Civ.P. 23(a)(1). The Court is given discretion to make assumptions when determining the numerosity of a class. *See Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir.1983). It is not necessary that the precise number of class members be known. *See Barlow v. Marion County Hospital District,* 88 F.R.D. 619, 625 (M.D.Fla.1980). Plaintiffs must make reasonable estimates with support as to the size of the proposed class. *Id.*

█ In the instant case, Defendant acknowledges that approximately 200 letters in the form contested as Exhibits A or B were mailed to families. The Court finds that

joinder of roughly 200 parties would be impracticable considering their locations are in several different areas. Furthermore, Defendants have not challenged the numerosity requirement in Defendants' response to class certification.

## C. COMMONALITY

■ The second criterion for bringing a successful class certification action requires that there be common questions of law or fact. Fed.R.Civ.P. 23(a)(2). Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *See Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D.Fla.1986). "A sufficient nexus is established if the claim or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984).

■ In this case, Plaintiffs assert that each prospective class member received one of the two variations of a collection letter. In *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D.Fla.1999), the court noted: "[T]o establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." The principal legal issues arising from the collection letters is whether the letters violate the FDCPA and FCCPA. All members of the prospective class could be affected from the issue regarding the letters sent. The Court finds the commonality requirement is satisfied because one common issue is sufficient to meet the commonality requirement of Rule 23.

## D. TYPICALITY

■ Class certification also requires that the claims of the named plaintiff be typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). Plaintiffs contend the typicality is inherent in the criterion of the prospective class. Each of the prospective members received a variation of the same collection letter as the named plaintiffs. The Court finds typicality has been shown.

## E. ADEQUACY OF REPRESENTATION

■ Federal Rule of Civil Procedure 23(a)(4) requires that the named plaintiffs provide fair and adequate protection for the interests of the class. The adequacy of representation requirement is two-fold: "Plaintiff must demonstrate that she will vigorously prosecute the action and plaintiff must provide both adequate financing and competent counsel." *Brooks v. Southern Bell Telephone & Telegraph Co.*, 133 F.R.D. 54, 56 (S.D.Fla. 1990). Defendants do not contest the adequacy of representation concerning the prospective class. Plaintiffs have retained adequate and competent counsel. Additionally, "it is crucial to consider with great care the suitability of the plaintiff to act as class representative. Such a representative serves as a guardian of the interests of the class and because of this fiduciary relationship he must be held to a high level of responsibility." *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 703 (N.D.Ill.1978). Plaintiffs assert understanding the responsibilities required of a class representative and do not have any conflicts that would hinder Plaintiffs' ability to effectively represent the potential class. (Fuller Deposition pp. 60–65). Therefore, the Court finds Plaintiffs are adequate to represent the potential class.

## F. CLASS ACTION MAINTAINABLE

■ Federal Rule of Civil Procedure 23 requires that the prerequisites of subdivision (a) be met in addition to one of the subdivision (b) conditions. Rule 23(b)(3) states:

> The court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The predominance issue under Rule 23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual members. "The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Carter v. West Publ. Co.*, 1999 WL 376502, 1999 U.S. Dist. LEXIS 8231 (M.D.Fla.1999). The

essential common factual link between all of the prospective class members is the letters sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters. Defendants contest that a class action is not the superior method to resolve this controversy. However, the Court finds that the criterion set out in Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy.

## CONCLUSION

This Court finds Plaintiffs have established standing for purposes of seeking class certification. The requirements of Rule 23(a) and (b) have been fulfilled. Therefore, this Court grants class certification. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Class Certification (Dkt. 17) is **granted.**