Jack **EDMONDS**, et al., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Alan **LEVINE**, in his official capacity as secretary, Agency for Health Care Administration of the State of Florida, Defendant.

No. 05–21215–CIV.

United States District Court, S.D. Florida.

Feb. 14, 2006.

Jane Perkins, Gaylord Payne, Chapel Hill, NC, Neil David Kodsi, Carlton Fields, Miriam E. Harmatz, Miami, FL, Matthew Brinegar, Orlando, FL, Jennifer Wimberly, Charles Shawn Boehringer, Miami, FL, for plaintiffs.

Donna Riselli Rougeux, Karen Dexter, L. William Porter, II, Sarah Dawnett Cyrus, Tallahassee, FL, for defendant.

### *ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION*

KLEIN, United States Magistrate Judge.

This cause came before the Court on Plaintiffs' Amended Motion for Class Certification (D.E. No. 13) filed May 5, 2005. For the reasons discussed below, Plaintiffs' Motion is **GRANTED**.

### BACKGROUND

Plaintiffs are a group of Medicaid recipients who had been prescribed Neurontin, or

its generic equivalent "Gabepentin"[1] by their physicians. The proposed class consists of individuals who were denied reimbursement coverage for Neurontin on approximately 6000 occasions by the Florida Agency for Health Care Administration ("AHCA"). The class that Plaintiffs seek to certify is defined as:

> Florida Medicaid recipients whose doctors prescribed Neurontin for a therapeutic use cited in one or more of the drug compendia specified at 42 U.S.C. 1396r–8(g)(1)(B)(i) and whose requests for Medicaid coverage of their Neurontin prescriptions have been or will be denied by the Defendant.

Plaintiffs allege that AHCA has denied coverage to numerous individuals who have been prescribed Neurontin by qualified physicians for certain therapeutic uses listed in drug compendia designated by 42 U.S.C. § 1396r–8(g)(1)(B)(i), and further allege that this practice is a violation of the federal Medicaid statute 42 U.S.C. §§ 1396a(a)(10), 1396d(a)(12), and 1396r–8r.

According to Plaintiffs, 54 therapeutic uses for Neurontin are listed in DrugDex, one of the drug compendia designated by the statute; AHCA, however, covers prescriptions for only two of those 54 therapeutic uses, as well covering two uses for which the drug has received FDA approval. The parties disagree on the issue of whether the 50 uncovered uses fall within the definition of "medically accepted indication" which would require coverage under the statute.[2] Plaintiffs allege that this practice of denial of coverage contravenes the reimbursement procedures established in the Medicaid statute, and seek to certify a class of all plaintiffs who have been denied coverage of Neurontin for those uses which appear in the listed compendia.

## ANALYSIS

Plaintiffs seeking class certification bear the burden to show that the requirements of Rule 23 have been satisfied. However a court, in determining whether to certify a class, will accept plaintiffs' substantive allegations as true. *In re Carbon Dioxide Antitrust Litigation,* 149 F.R.D. 229, 232 (M.D.Fla.1993). Moreover, a court's determination regarding certification of a class must be based upon whether the class satisfies the requirements of Rule 23, and not based upon an inquiry into the merits of the plaintiffs' claim. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The Federal Rules of Civil Procedure designate the requirements for class certification. Fed.R.Civ.P. 23(a) sets forth certain prerequisites concerning the class members, as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Once all of the requirements of 23(a) are satisfied, a class must satisfy one of the provisions of Fed.R.Civ.P. 23(b). *Klay v. Humana, Inc.,* 382 F.3d 1241 (11th Cir.2004). Plaintiffs are seeking certification based upon 23(b)(2), which provides that a class action may be maintained when

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### 1. Numerosity

■ There is no question that Plaintiffs have satisfied the numerosity requirement. Plaintiffs estimate that thousands of individuals in the state of Florida have been denied prescriptions for Neurontin. This Circuit

---

**1.** For ease of reference, this Court will refer to both Neurontin and/or Gabepentin as simply "Neurontin."

**2.** This Court notes that there is some question as to whether AHCA covers a total of four or five therapeutic uses; however, the exact number is irrelevant to the issue at hand.

has repeatedly held that the numerosity requirement is satisfied with numbers far lower than those at issue here. *See, e.g., Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.1986); *Phillips v. Joint Legislative Comm'n,* 637 F.2d 1014 (5th Cir.1981).

Defendant claims that Plaintiffs have failed to satisfy the numerosity requirement, arguing that many of the patients who were denied Neurontin have since switched to another drug, and Defendant further suggests that Plaintiffs' estimate of the total number of potential class members is unsupported. These arguments are entirely without merit. Whether patients have begun using a different drug after being denied coverage for Neurontin is not at issue, and that fact would not preclude class certification based on lack of numerosity. Plaintiffs' class action claims are based upon the improper denial of coverage to all of the proposed class members for uses of a particular drug which the state has improperly excluded from coverage in violation of the Medicaid Act. The Plaintiffs' claims are not based on whether any alternative drugs might be substituted.

Moreover, Plaintiffs have substantial support for their estimate of class size; Defendant's own records reveal that between July 1, 2004 and March 22, 2005, the Defendant denied coverage for Neurontin on 6482 occasions. Although the actual number of patients who were denied the drug is not clear, for some of the 6482 denials may have been repeated denials to the same patient, the class is surely numerous enough to satisfy Eleventh Circuit standards. *See Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.1986)("generally less than twenty-one is inadequate, more than forty adequate, with numbers in between varying according to other factors").

### 2. *Commonality*

■ The commonality requirement requires simply that there be questions of law or fact common to the class. Plaintiffs maintain that the class easily meets this requirement, and describes the common questions at issue as follows:

a) whether Plaintiffs have been prescribed Neurontin for a "medically accepted indication" as defined at 42 U.S.C. 1396r–8(k)(6); and, if so,

b) whether defendant's refusal to provide coverage for Plaintiffs' Neurontin prescriptions violates the federal Medicaid statute.[3]

This Court agrees. Each of the proposed class members was prescribed Neurontin, and was denied coverage for the drug because the patient's usage did not fall within the four usages covered by AHCA. The common questions as presented by Plaintiffs are indeed applicable for each proposed class member. Commonality is therefore satisfied.

### 3. *Typicality*

■ This circuit has held that typicality does not require that underlying factual bases be identical; rather, the typicality requirement will be met where a sufficient nexus exists between the claims of the class representatives and those of the class members. The Eleventh Circuit has explained that "[a] sufficient nexus is established if the claims or defenses of the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines,* 741 F.2d 1332, 1337 (11th Cir.1984).

Defendant argues that the Plaintiffs have various medical conditions, and are prescribed Neurontin for a variety of different reasons. These differences are irrelevant for purposes of the typicality requirement for class certification. Regardless of the fact that the individuals' underlying conditions differ, the actions of AHCA in denying the Neurontin coverage and AHCA's underlying rationale for the denials are identical for each named Plaintiff to those of each proposed class member. AHCA covers Neurontin prescriptions for only four uses, and does not cover the numerous other uses listed in *DrugDex;* both the representatives and the proposed class members have been prescribed and denied coverage for Neurontin for uses outside of AHCA's chosen coverage. Plaintiffs assert that the injuries suf-

---

**3.** See Plaintiffs' Amended Motion for Class Certification at 4. This Court also notes that Defen-

dant has not presented any argument that Plaintiffs have failed to satisfy commonality.

fered by the representatives and potential class members all arise from AHCA's practice of denying coverage for certain uses, and this practice, according to Plaintiffs, violates the federal Medicaid statute. In accordance with Eleventh Circuit standards, the typicality requirement is met.

### 4. Adequacy of Representation

■ In order to protect potential class members, the federal rules require that class representatives have no interests which are antagonistic to those of potential class members. *See* Fed.R.Civ.P. 23(a). Moreover, the representatives and their attorneys must be persons who will competently and vigorously prosecute the action. *Bogosian v. Gulf Corp.*, 561 F.2d 434, 449 (3d Cir.1977).

Plaintiffs assert, and Defendant does not contest, that the representatives and their counsel will competently and vigorously prosecute this action. Defendant does, however, raise the issue that certain Plaintiffs will have interests antagonistic to other Plaintiffs, and that for this reason the class should not be certified. Defendant's argument is based upon the position that Neurontin was originally developed as an anti-seizure medication, but was subsequently illegally marketed for other purposes. Defendant contends that individuals who use Neurontin for "legitimate" conditions will have interests antagonistic to those who use the drug for other purposes.

This argument is without merit for purposes of class certification. The suit at issue does not concern whether Neurontin was illegally marketed, nor whether it is appropriately used for conditions other than seizures. The instant case deals simply with the methods by which AHCA denies coverage for uses which are listed in DrugDex or the other designated compendia. There is no competition among Plaintiffs to have certain uses covered, and others denied; no Plaintiff will suffer at the expense of another Plaintiff because one use is covered and another is not. Plaintiffs in this suit seek to enjoin AHCA from denying coverage for *any* listed use. The relative "legitimacy" of uses among various plaintiffs, therefore, is of no concern, and this Court finds that the representatives

can adequately represent and protect the interests of the proposed class.

### 5. Requirements of Rule 23(b)(2)

■ Plaintiffs maintain that AHCA has acted in a manner equally applicable to all members of the class, and that injunctive or declaratory relief is appropriate in this case. This Court agrees. There is no question-nor any argument by Defendant-that AHCA has acted differently toward any individual Plaintiffs or proposed class members.

Defendant does, however, argue that injunctive or declaratory relief is not appropriate. Defendant's argument is based upon the theory that the Defendant will be bound by whatever judicial determination is made by this Court as to its prescription coverage policy; therefore, according to Defendant, class certification is an unnecessary and needless expenditure of time and resources.

Plaintiffs counter Defendant's argument on several grounds. First, Plaintiffs point out that since AHCA has instituted its policy of denying coverage for Neurontin, more than 100 Florida Medicaid beneficiaries have challenged the denial through the fair hearing process required by the federal Medicaid statutes, and numerous hearings were pending at the initiation of this class action litigation. Surely this class action litigation will be a more efficient usage of resources than hundreds of largely duplicative hearings.

Plaintiffs also maintain that class certification is necessary in this case because Plaintiffs are requesting notice relief to all class members. Plaintiffs are seeking relief for thousands of Medicaid recipients in Florida who have been denied coverage for Neurontin since July, 2004, and point out that should this Court rule in Plaintiffs' favor, without the notice implemented through class certification these individuals will not likely know that they have the opportunity to resubmit a previously denied prescription Defendant may indeed discontinue its practice of denying coverage, but those who have already been denied must be made aware of this change, and other putative Plaintiffs are entitled to know of the change as well. Although Defendant balks at the expense of sending notice, expense does not overcome the neces-

sity of informing class members that they may now obtain relief.

## CONCLUSION

Plaintiffs have satisfied all of the requirements for class certification under Fed. R.Civ.P. 23. Moreover, in light of the relief sought, class certification is the only means by which Plaintiffs will receive an adequate remedy.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion for Class Certification (D.E. No. 13) is GRANTED. The class is defined as requested by Plaintiffs:

Florida Medicaid recipients whose doctors prescribed Neurontin for a therapeutic use cited in one or more of the drug compendia specified at 42 U.S.C. 1396r–8(g)(1)(B)(i) and whose requests for Medicaid coverage of their Neurontin prescriptions have been or will be denied by the Defendant.