Greg SWANSON, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

MID AM, INC., d/b/a "CCB Services",
"C.C.B. Services", and "Lucas County
Credit Bureau, Inc.", and Mid Am Recovery Services, Inc., Defendants.

No. 97–1908–T–25C.

United States District Court,
M.D. Florida,
Tampa Division.

March 23, 1999.

Andrew Bennett Spark, Lawserv, Sarasota, FL, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, for plaintiff.

Michele McNichol, Katz, Barron, Squitero, Faust & Berman, P.A., Miami, FL, for defendants.

## ORDER

ADAMS, District Judge.

**THIS CAUSE** is before the Court on Plaintiff's Motion for Class Certification (Dkt. 13), and the parties' supplemental memoranda regarding certification (Dkts. 63, 64).[1] The Court, having reviewed said motion, the record, and otherwise being fully advised, finds as follows:

## I. BACKGROUND

In August, 1996, Plaintiff Greg Swanson received a notice on the letterhead of "CCB Services," stating that Plaintiff owed $235.50 to the Sarasota County Fire Department for ambulance service. Defendants mailed approximately 1200 similar form notices to other Florida residents. Plaintiff subsequently filed this class action seeking declaratory judgment and damages against Defendant MID AM, INC., d/b/a "CCB Services," "C.C.B. Services," "Lucas County Credit Bureau Inc.," and MID AM RECOVERY SERVICES, INC. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff's single count complaint alleges that the notice issued by Defendants contradicts and overshadows the thirty day period validation notice in violation of 15 U.S.C. § 1692g(a) and e(10).

## II. CLASS CERTIFICATION

Plaintiff seeks to certify a class composed of:

a. all persons with addresses in the State of Florida to whom Defendant sent collection letters in the form of Exhibit A;

b. which letters were not returned undelivered by the U.S. Post Office;

c. in connection with attempts to collect debts which are shown by Defendants' records to be primarily for personal,

family, or household purposes, *e.g.*— medical services;

d. during the period one year prior to the date of filing this action.

(Dkt. 13). To obtain class certification, Plaintiff must demonstrate that the proposed class meets the general class certification requirements set forth in Fed.R.Civ.P. 23(a). *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). The requirements are referred to as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See* Fed.R.Civ.P. 23(a). After determining that these prerequisites have been met, the Court must then determine which, if any, form of class action is appropriate pursuant to Rule 23(b).

### A. Rule 23(a) Requirements

#### 1. Numerosity

In support of numerosity, Plaintiff alleges that based on the use of "form letters" it is possible for the Court to conclude that the class is so numerous that joinder of all members is impracticable. (*See* Dkts. 1, 13); *see* Fed.R.Civ.P. 23(a)(1). As of the date of Plaintiff's motion, Plaintiff apparently had not ascertained through discovery the number of collection letters that had been mailed to potential class members, and was unable to approximate the number of potential class members. Although Plaintiff need not state the precise number of potential class members, Plaintiff has subsequently learned that approximately 1200 letters similar to that received by Plaintiff were mailed to persons with Florida addresses between August 1996 and August 1997. (*See* Dkt. 39). Thus the Court finds that numerosity has been satisfied.

#### 2. Commonality

Plaintiff contends that common issues predominate because Defendants sent the same form letter to all members of the class. Defendants, on the other hand, argue that class members must allege and prove individ-

---

1. At the pretrial conference herein, the Court requested the parties to file supplemental memoranda regarding whether this action should be certified pursuant to Fed.R.Civ.P. 23(b)(2) or (b)(3).

ualized facts, such as whether the underlying debts were nonbusiness debts, and whether any plaintiffs read, responded to, or understood the letters. (Dkt. 29). To establish commonality under Rule 23 in a FDCPA action, however, a plaintiff need not show that the underlying transactions are consumer transactions at the class certification stage. *See Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 357 (N.D.Ill.1998). Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the "least sophisticated consumer" would have been misled. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985) (adopting the "least sophisticated consumer standard"); *c.f. Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996) (plaintiff need not present evidence that consumers were actually misled by the notice, but merely that the notice itself was misleading and contradictory). To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter. *See Savino v. Computer Credit*, 173 F.R.D. 346, 352 (E.D.N.Y. 1997); *see also Wollert v. Client Svcs., Inc.*, 1998 WL 474118 (N.D.Ill.1998). As Plaintiff has shown that approximately 1200 letters of the type received by Plaintiff were mailed between August 1996 and August 1997, Plaintiff has satisfied the requirement of commonality.

### 3. Typicality

■ Defendants next contend that Plaintiff's claims are not typical of the class claims, in that factual differences between Plaintiff and the putative class, such as whether Plaintiff read and responded to the notice, preclude a finding of typicality. Typicality is satisfied where the named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). As discussed above, Defendants have not raised any factual differences that would bar a finding of typicality. Because Plaintiff alleges that the notice itself was contradicto-

ry and misleading to the least sophisticated consumer and Plaintiff as well as the putative class received the notice, the Court finds that typicality has been shown.

### 4. Adequacy

■ To satisfy adequacy of representation, named Plaintiff must not have interests agonistic to the rest of the class, and Plaintiff's attorneys must be qualified, experienced, and generally able to conduct the proposed litigation. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987). The Declaration of O. Randolph Bragg shows and Defendants concede that Plaintiff's counsel, O. Randolph Bragg, is qualified to conduct class action litigation. (*See* Dkt. 15). As to Plaintiff Swanson, Defendants contend that Plaintiff is inadequate because he is not sufficiently knowledgeable about the case, and because counsel is apparently advancing the costs of litigation.

■ In his deposition, Swanson demonstrated that he is aware of the basic nature of his claim. (*See* Swanson depo. at 32–41, Dkt. 31). Further, the Court finds no conflict in the fact that counsel has advanced the cost of litigation, as Swanson is aware that he is ultimately responsible for these costs. (*See* Swanson depo. at 41). Defendants' other arguments regarding adequacy are unavailing. Plaintiff has established the adequacy prong of Rule 23(a).

### B. Rule 23(b) Requirements

The Court must next determine which, if any, form of class action is appropriate pursuant to Rule 23(b). Plaintiff initially sought to certify the class pursuant to 23(b)(3) and 23(b)(2). Upon further briefing of the issue; however, it has been discovered that Defendant Mid Am Recovery Services, Inc. is unable to identify the names and addresses of specific class members. (*See* Dkt. 64). Thus, certification under Rule 23(b)(3) would be inappropriate, as 23(b)(3) requires notice to individual class members. *See* Fed. R.Civ.P. 23(c)(2).

Under Rule 23(b)(2), Plaintiff must demonstrate that Defendants have acted on

grounds generally applicable to the class, making final injunctive relief appropriate. *See* Fed.R.Civ.P. 23(b)(2). Defendants contend that a class may not be certified pursuant to Rule 23(b)(2) because the primary focus of Plaintiff's claim is monetary damages. Several courts have held, and the Advisory Committee Notes to Rule 23(b) state that subdivision (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed.R.Civ.P. 23(b)(2) (advisory committee notes); *see also Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir.1983).

To determine whether monetary damages predominate, Defendants suggest that the Court consider the fact that Plaintiff has entered into a contingency fee agreement with counsel and states in his deposition that he is seeking monetary damages. Other cases suggest, however, that the Court may determine that monetary damages predominate based on whether "the monetary·relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case." *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir.1998); *see also Holmes*, 706 F.2d at 1155–1160. Thus monetary relief predominates unless it is incidental to requested injunctive or declaratory relief. *See Allison*, 151 F.3d at 415. Incidental means that the monetary damages "flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or the declaratory relief." *Id.* In this case, Plaintiff's damages, and those of the putative class, all flow directly from the notice sent by Defendants. As such, it appears that monetary damages do not predominate over declaratory relief. *See Gammon v. G.C. Svcs. Ltd. Partnership*, 162 F.R.D. 313, 319–322 (N.D.Ill.1995). Thus the Court finds the proposed class is certifiable pursuant to Fed.R.Civ.P. 23(b)(2).

### III. CONCLUSION

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Class Certification (Dkt. 13) is **GRANTED,** and the Court hereby certifies a class pursuant to Fed. R.Civ.P. 23(b)(2) consisting of:

a. all persons with addresses in the State of Florida to whom Defendant sent collection letters in the form of Exhibit A;

b. which letters were not returned undelivered by the U.S. Post Office;

c. in connection with attempts to collect debts which are shown by Defendants' records to be primarily for personal, family, or household purposes, *e.g.*— medical services;

d. during the period one year prior to the date of filing this action;

2. Greg Swanson is hereby certified as class representative;

3. O. Randolph Bragg is hereby certified as class counsel.