686

Juliet A. TYRELL, an individual, and
Olga R. Tyrell, an individual,
Plaintiffs,

v.

ROBERT KAYE & ASSOCIATES, P.A., a
Florida professional association, f/k/a
"Kaye & Roger, P.A.", and Randall K.
Roger, an individual, Defendants.

No. 03–61624–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 9, 2004.

Robert W. Murphy, Fort Lauderdale, FL, for plaintiff.

Deborah Poore FitzGerald, for Robert Kaye & Associates, P.A.

Barry A. Postman, West Palm Beach, FL, for Randall K. Roger.

### ORDER

JORDAN, District Judge.

The motion of Juliet Tyrell and Olga Tyrell for class certification [D.E. 25] is GRANTED IN PART AND DENIED IN PART. For the reasons set forth below, the Tyrells' motion for class certification is DENIED with regard to the claim for the use of false and deceptive means, and GRANTED with regard to the claim for failure to provide proper validation notice.

### I. BACKGROUND

On or about August 27, 2002, the defendants sent a "dunning" letter to the Tyrells, for the purpose of collecting association fees allegedly due by the Tyrells to Blueberry Hill Condominium Association (the "Association"). In the dunning letter, the defendants stated: "This is an attempt to collect a con-sumer debt.... Should your [sic] either dispute the debt, or any portion thereof, or require documentation to support this debt, you must request same in writing within thirty (30) days... Otherwise, we will assume the debt is valid." *See* Complaint, Exhibit A ("Dunning Letter"). The letter also stated: "You are responsible for attorneys fees and costs including recording the lien, satisfaction of the lien, Certified Mail and an owner search." *See id.* Attached to the dunning letter was a copy of the account status report, which stated that the Tyrells owed $463.68. Of that amount, $209.83 represented unpaid association fees, $221.00 represented attorney's fees, and $32.85 represented costs. Paragraph 12.9(2)(1)(2) of the Declaration of Condominium for Blueberry Hill Condominium Association, Inc. ("Declaration") states: "The Association, at its option, may enforce collection of delinquent assessment accounts by suit at law or by foreclosure of the lien securing the assessments, or by any other competent proceeding, and in either event the Association shall be entitled to recover the payments which are delinquent at the time of judgment or decree together with interest thereon at the rate of ten (10%) per annum and all costs incident to the collection and the proceedings, including reasonable attorney's fees." *See* Motion to Dismiss, Exh. 2 [D.E. 5].

The Tyrells allege that the dunning letter failed to provide a proper validation notice as required under § 1692a. Specifically, the letter failed to specify that the consumer had 30 days *from receipt of the letter* to dispute the debt or request documentation supporting the debt. The Tyrells also allege that the defendants used false or deceptive means in connection with collection of a debt, by seeking to improperly charge the Tyrells for attorney's fees and costs associated with the collection of the association fees, in violation of §§ 1692e(2), (10) and f(1). The Tyrells seek declaratory relief and statutory damages and costs and attorney's fees, pursuant to § 1692k.

The Tyrells move to certify a class under Rule 23 consisting of (i) all persons with Florida addresses who, (ii) within one year

688

prior to the filing of this action, (iii) were sent dunning letters in the form materially identical or substantially similar to the letter received by the Tyrells. They seek to certify an alternative class under Rule 23(b)(2) for declaratory relief and Rule 23(b)(3) for monetary damages.

## II. ANALYSIS

■ A district court has broad discretion in determining whether class certification is appropriate. *See Washington v. Brown & Williamson Tobacco Corporation,* 959 F.2d 1566, 1569 (11th Cir.1992). For a class to be certified, it must satisfy Rule 23(a) and at least one of the alternative requirements of Rule 23(b). *See Pickett v. Iowa Beef Processors,* 209 F.3d 1276, 1279 (11th Cir.2000). "Rule 23(a) provides that a class may be certified if the following requirements are met: (1) numerosity: the class is so numerous that joinder of all members is impracticable; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; and (4) adequacy: the representatives of the class will fairly and adequately protect the interests of the class." *Id.* Rule 23(b)(2) provides that a class action is maintainable where the requirements of 23(a) are met and the "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) provides that a class action is maintainable where the requirements of Rule 23(a) are met, and where the questions of law or fact common to the class members predominate to the extent that a class action is the most fair and efficient adjudication of the controversy. The Tyrells bear the burden of proving that class certification is appropriate in this case. *See Valley Drug Company v. Geneva Pharmaceuticals, Inc.,* 350 F.3d 1181, 1187 (11th Cir.2003).

### A. FALSE AND DECEPTIVE MEANS

■ I find that class certification is not appropriate with regard to the claim for false and deceptive means. In the order denying the defendants' motion to dismiss, I noted that Florida law allowed associations to recover attorney's fees and costs in connection with debt collection. *See* FL. STAT. 781.116(6)(a). However, it is the contract between the potential plaintiffs and the particular association which governs whether the association will hold the alleged debtor responsible for costs and fees. Individualized questions exist concerning the recovery of attorney's fees and costs under the declarations of the different condominium associations, making class certification inappropriate in this case. *See Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir. 1997).

During the relevant time period, the defendants represented approximately one hundred to four hundred condominium associations. *See* Tyrells' Appendix to Class Certification Motion, Appendix A [D.E. 27], and Affidavit of Deborah Sugarman, at ¶ 4 [D.E. 35]. Woodscape Condominium Association and Lakewood Village Condominium Associations were two of the defendants' clients during this time. The declaration of Woodscape provides:

[T]he defaulting Owner shall be liable for all costs of collecting such assessment or installment thereof, and the interest thereon, including a reasonable attorney's fee whether or not suit be brought... The Association is hereby given a lien securing payment or payments of assessments imposed by the Association pursuant to the terms of this Declaration and the Bylaws, together with penalty interest and all collection expenses, including attorney's fees ..."

*See* Robert Kaye' Opposition Memorandum, Exh. A [D.E. 34]. The declaration of Lakewood Village provides:

The ASSOCIATION has a lien on each CONDOMINIUM PARCEL for any unpaid ASSESSMENT with interest, and for reasonable attorneys' fees incurred by the ASSOCIATION incident to the collection of the ASSESSMENT or enforcement of the lien ... the applicable unit owner shall be liable to the ASSOCIATION for all costs and expenses incurred by the ASSOCIATION in connection with the collection

of any unpaid ASSESSMENT, and the filing, enforcement and/or foreclosure of the ASSOCIATION's lien, including reasonable attorney's fees, and all sums paid by the ASSOCIATION for taxes, and on account of any other mortgage, lien, or encumbrance in order to preserve and protect the ASSOCIATION's lien.

*See id.*, Exh. B. The declaration of Blueberry Hill provides:

"The Association, at its option, may enforce collection of delinquent assessment accounts by suit at law or by foreclosure of the lien securing the assessments, or by any other competent proceeding, and in either event the Association shall be entitled to recover the payments which are delinquent at the time of judgment or decree together with interest thereon at the rate of ten (10%) per annum and all costs incident to the collection and the proceedings, including reasonable attorney's fees."

*See* Motion to Dismiss, Exh. 2 [D.E. 5]. These declarations indicate that the provisions for recovery of attorney's fees incurred via the collection of outstanding assessments differ according to each association. Determining whether the dunning letters were in violation of §§ 1692e(2), (10) and f(1) for seeking to recover related fees and costs requires an individualized case-by-case determination, which makes class certification inappropriate for this claim. *See Rutstein v. Avis Rent–A–Car Systems, Inc.,* 211 F.3d 1228, 1234–36 (11th Cir.2000).

### B. Failure to Provide Proper Validation Notice

■ The Tyrells also allege that the defendants failed to provide proper validation notice in their dunning letters. The Tyrells seek statutory damages pursuant to § 1692k(2), and declaratory and injunctive relief. The defendants acknowledge that they used form letters with regard to the collection of debts owed to the condominium associations. *See* Deposition of Deborah Sugarman, [D.E. 27, Appendix A, at 21]. During the relevant time period, Robert Kaye used only one type of form letter to recover unpaid association fees, which was sent to over a thousand persons. *Id.* at 22,

53. This form letter was the same or substantially similar to the letter received by the Tyrells. *Id.* at 53.

Class certification for this claim against Robert Kaye is appropriate. The size of this potential class (over a thousand persons) satisfies the numerosity requirement. *See, e.g., Kilgo v. Bowman Transportation, Inc.,* 789 F.2d 859, 878 (11th Cir.1986) (certifying a class where plaintiffs identified at least thirty-one individual class members, and the class includes future and deterred job applicants).

The requirements of commonality and typicality are also met. All the potential class members received the same letter, containing the same problematic language. The question of whether the dunning letters failed to provide validation notice is therefore common to all class members. The Tyrells' claim is therefore identical to, and thus typical of, the claim of the class generally. *See Jones v. Roy,* 202 F.R.D. 658, 665 (M.D.Ala.2001) ("Courts that have certified FDCPA class actions have routinely done so because the plaintiffs and all of the class members received the same form letter alleged to have violated the same provision of the FDCPA." (citing cases)) (denying class certification because letter received by plaintiff was materially different from those received by potential class members); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 668 (M.D.Fla.1999) ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter.") (finding that commonality requirement was satisfied where approximately 1200 letters of the type received by Plaintiff were mailed between August 1996 and August 1997). *See also Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir.1984) ("A sufficient nexus [to satisfy the typicality requirement] is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."). Moreover, the Tyrells seek statutory damages pursuant to § 1692k(2), not actual damages, which would require a case-by-case analysis. Statutory damages consist of the actual damages sustained by the named plaintiff and

"such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." § 1692k(2)(B).

The Tyrells also fairly and adequately protect the interests of the class, as the class representatives. To prove their adequacy as class representatives, the Tyrells must (1) not have any substantial conflicts of interest between themselves and the class, and (2) must be able to adequately prosecute the action. *See Valley Drug Co. v. Geneva Pharmaceuticals, Inc.,* 350 F.3d 1181, 1189 (citation omitted) (11th Cir.2003). As noted earlier, the Tyrells' interests are identical to that of the class and there is no conflict of interest present. The Tyrells have also submitted declarations indicating their willingness to prosecute the case on behalf of the entire class, *see* Declarations of Juliet Tyrell and Olga Tyrell [D.E. 27, Appendix B and C], and their attorney's resume, indicating his ability to prosecute this suit on behalf of the Tyrells, *see* Declaration of Robert W. Murphy [D.E. 27, Appendix D]. *See Swanson,* 186 F.R.D. at 668 (finding that adequacy requirement was satisfied where plaintiff demonstrated awareness of the basic nature of the claim and plaintiff's counsel's declaration indicated that he was qualified to litigate the class action).

Mr. Roger argues that the Tyrells are not adequate class representatives because they do not have standing to bring this claim. Specifically, Mr. Roger argues that the Tyrells lack standing because they did not suffer actual damages. The FDCPA, however, does not require a plaintiff to have suffered actual damages in order to bring a claim. *See, e.g., Harper v. Better Business Services, Inc.,* 961 F.2d 1561 (11th Cir.1992), *Woolfolk v. Van Ru Credit Corp.,* 783 F.Supp. 724, 727 fn. 3 (D.Conn.1990). *See also Keele,* 149 F.3d at 594 ("Indeed, the FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists.")

Finally, the Tyrells seek to certify a hybrid class action under both 23(b)(2) and (b)(3). Hybrid class actions are appropriate where class members seek both individual monetary relief and classwide injunctive or declaratory relief. *See Penson v. Terminal Transport Co., Inc.,* 634 F.2d 989, 994 (5th Cir. Unit B 1981). The Tyrells, however, seek statutory damages and not individual monetary relief. The monetary damages will be the same amount for each plaintiff, and all plaintiffs will be entitled to these damages if there is a determination of liability. I therefore conclude that it is unnecessary to certify a class under Rule 23(b)(3). The statutory monetary damages sought are incidental to the declaratory relief, and can be recovered under a Rule 23(b)(2) class action. *See Murray v. Auslander,* 244 F.3d 807, 812 (11th Cir.2001) ("Monetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory."); *See Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 415 (5th Cir.1998) ("Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established ... Moreover, such damages should at least be capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances ... Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.") (citations omitted).

The Tyrells satisfy the Rule 23(b)(3) requirement. Roger Kaye has "acted on grounds generally applicable to the class," in sending the same form dunning letter to all the potential plaintiffs. *See Swanson,* 186 F.R.D. at 668 (holding that proposed class was certifiable pursuant to 23(b)(2) where the plaintiff's damages, and that of the potential class, flowered directly from the allegedly misleading debt collection letter sent by defendants).

However, I find that class certification for this claim with regard to Mr. Roger is not appropriate because the Tyrells fail to satisfy the numerosity requirement. It is unclear how many people received the dunning letters signed by Mr. Roger. The dunning

letter received by the Tyrells was dated August 27, 2002. Mr. Roger disassociated himself from Robert Kaye on December 31, 2002. The potential class, however, covers the time period between August 26, 2002 and August 26, 2003. It is unclear how many potential class members have claims against Mr. Roger. The Tyrells rely on Ms. Sugarman's deposition testimony to support their claim that Mr. Roger was responsible for approximately half of the 1,000 dunning letters sent out during the relevant time period. I find Ms. Sugarman's testimony ambiguous at best. She stated that the dunning letters were signed by either Mr. Roger or Mr. Kaye, and that each of them signed approximately fifty percent of the letters. *See* Sugarman Deposition, [D.E. 27, Appendix A, at 27]. Ms. Sugarman does not specify that Mr. Roger signed half of all the dunning letters that were sent out from August 27, 2002 through August 26, 2003, or whether he signed half of all the dunning letters during his time there, which is the time period from August 27, 2002 through December 31, 2002, for the purposes of this litigation.

### IV.  CONCLUSION

The Tyrells' motion for class certification [D.E. 25] is GRANTED IN PART, and the court hereby certifies a class pursuant to Rule 23(b)(2) consisting of consumers, who, according to Robert Kaye's records, (a) had a Florida address, (b) who were sent a letter in the form materially identical or substantially similar to the Collection Communication described in the Amended Complaint, attached thereto as Exhibit "A", (c) within one year prior to the filing of this action, and (d) which were not returned undeliverable by the United States Post Office. Excluded from the class are all officers and directors of the defendants. I certify the Tyrells as class representatives, and Robert W. Murphy as class counsel.

The Tyrells' motion for an extension of time to file their motion for class certification [D.E. 23] is GRANTED NUNC PRO TUNC. The Tyrells' motion for class certification is deemed timely filed. The Tyrells' motion for an extension of time to comply with the mediation scheduling requirements [D.E. 28] is GRANTED NUNC PRO TUNC. The motions of Robert Kaye and of Mr. Roger for an extension of time to file their response to the motion for class certification [D.E. 30, 32] are GRANTED NUNC PRO TUNC. The responses are deemed timely filed. The Tyrells' motion for an extension of time to file their reply in support of their motion for class certification [D.E. 36] is GRANTED NUNC PRO TUNC. The Tyrells' motion is deemed timely filed. The Tyrells' motion for leave to exceed the page limit in their reply [D.E. 40] is GRANTED.