[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

No. 09-15427
Non-Argument Calendar

_____

D. C. Docket No. 08-02682-CV-BBM-1

LURENE LEATHERWOOD,

Plaintiff-Appellant,

versus

ANNA'S LINENS COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Lurene Leatherwood appeals the district court's grant of summary judgment in favor of Anna's Linens Co. ("ALC"). Leatherwood argues that the district court erred by (1) violating her due process rights by preventing her from "cross-examining" a witness; (2) declining *de novo* review of her objections to the magistrate's report and recommendation ("R&R"); (3) granting summary judgment on her negligence claim; (4) refusing to consider certain supplemental filings; (5) granting summary judgment on her retaliation claim; and (6) granting summary judgment on her Equal Pay Act ("EPA") claim. For the reasons set forth below, we affirm.

**I.**

Leatherwood, a 52-year-old female, filed a complaint in the district court naming ALC, her former employer, as a defendant. In her complaint and amended complaint, Leatherwood stated that she worked at ALC as a "keyholder," which she described as "part of [ALC's] management team." She asserted a number of claims, including negligence, retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and violation of the Equal Pay Act ("EPA"). Leatherwood alleged that, in retaliation for complaining about discrimination, she received numerous frivolous and meritless reprimands from her supervisor, Bernard Daniels, her work hours were reduced, and she received a negative

performance evaluation and 30-day probation. Leatherwood also contended that a male keyholder, Devear Peters, was paid $9.00 per hour, while she was paid only $8.00 per hour.

At her deposition, Leatherwood admitted that ALC was understaffed at one point and, in a February 20, 2007, memorandum to ALC management, Leatherwood complained that the store was understaffed. On August 6, 2007, Leatherwood filed an EEOC charge alleging that ALC discriminated against her because of her age.[1] The next day, Leatherwood received two counseling notices. On August 13, 2007, the EEOC sent ALC a "Notice of Charge of Discrimination." Leatherwood received an additional counseling notice on September 7, 2007, for failing to count petty cash receipts. Leatherwood wrote on the counseling notice that the situation did not warrant a written warning. Leatherwood also received a counseling notice on October 12, 2007, for being rude to a customer. An October 10, 2007, e-mail from a customer stated that Leatherwood had been "rude and loud" when the customer attempted to return merchandise. On November 20, 2007, Leatherwood received an annual evaluation that rated her performance as "below acceptable." On December 1, 2007, Leatherwood submitted a resignation letter, stating that she was resigning "under constructive discharge." Wendy

---

[1]A facsimile cover sheet, dated November 29, 2007, indicated that Leatherwood amended her EEOC complaint to include a claim of retaliation.

3

Newkirk, ALC's Director of Field Human Resources, submitted a signed, but unnotarized, declaration stating that, from October 2004 through December 2007, 12 female keyholders were paid the same hourly wage as Peters.

After discovery concluded, ALC filed a motion for summary judgment on all of Leatherwood's claims, accompanied by a statement of material facts. Leatherwood filed a cross-motion for summary judgment, accompanied by a brief, memorandum of law, and statement of material facts. She subsequently filed a reply brief in support of her cross-motion for summary judgment, an additional memorandum of law, a response to ALC's statement of material facts, and a reply to ALC's statement of material facts.

In its R&R, the magistrate stated that it would not consider Leatherwood's second brief and memorandum in support of her cross-motion for summary judgment, and her reply to ALC's statement of material facts, because Leatherwood did not seek permission to file these documents. The magistrate found that Leatherwood did not establish a *prima facie* case of retaliation because she failed to show that she suffered an adverse employment action. The magistrate also determined that, even if Leatherwood established a *prima facie* case under the EPA, ALC raised a valid affirmative defense by showing that the pay differential between Leatherwood's and Peters's wages was based on a factor other than sex,

4

and Leatherwood failed to show that this reason was pretextual.

Leatherwood objected to the R&R, asserting that the magistrate erred in accepting as undisputed paragraphs 25, 48, and 51 of ALC's statement of material facts; failing to consider certain paragraphs of her response to ALC's statement of material facts; and failing to consider her second brief and memorandum in support of her cross-motion for summary judgment. Leatherwood also reiterated previous arguments she had made in support of her age-based discrimination and retaliation claims.

The district court noted that it would review only for clear error Leatherwood's arguments that were "not set forth as specific written objections to the proposed findings and recommendations." It found that Leatherwood failed to establish a *prima facie* case of retaliation, because she failed to show a causal connection between her protected activity and any alleged adverse employment action and, furthermore, ALC identified legitimate disciplinary reasons for its actions. The district court found that Leatherwood failed to establish a *prima facie* case under the EPA, because she failed to contradict ALC's contention that 12 female keyholders were paid the same or a higher hourly rate than Peters and "special exigent circumstances of understaffing, coupled with the need to exceed Mr. Peters's prior pay, justified the disparate wages." Because the district court

concluded that Leatherwood failed to present a cognizable claim, it granted ALC's motion for summary judgment with respect to all of Leatherwood's claims.

## II.

### A.    *Due Process*

Leatherwood's due process argument is based on her claim that she was not allowed to "cross-examine" Daniels.  To the extent that Leatherwood's claim is based on the Sixth Amendment, her claim must fail, because the Sixth Amendment's right to confront adverse witnesses is inapplicable to civil cases. *See Birt v. Montgomery*, 709 F.2d 690, 704 n. 2 (11th Cir. 1983) (the Sixth Amendment right "to secure witnesses' testimony" does not apply to habeas corpus proceedings, because such proceedings are civil in nature); U.S. CONST. amend. VI (providing that, "[i]n all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him [and] to have compulsory process for obtaining witnesses in his favor") (emphasis added).  Leatherwood's Fourteenth Amendment due process claim also fails, because the Fourteenth Amendment applies only to states and state actors.  *See* U.S. CONST. amend. XIV, § 1 (providing that, "*[n]o State* shall . . . deprive any person of life, liberty, or property, without due process of law") (emphasis added).

### B.    *Review of Magistrate's R&R*

The district court must conduct a *de novo* review of any part of the R&R that has been "properly objected to." Fed.R.Civ.P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a *de novo* determination of those portions of the [R&R] to which objection is made"). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988); *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with").

The district court reviewed *de novo* Leatherwood's objections that: (1) the magistrate erroneously excluded her supplemental documents; and (2) the magistrate erroneously adopted paragraphs 35, 48, and 51 of ALC's statement of material facts. These are the only objections that were entitled to *de novo* review, because they were the only objections that identified specific findings set forth in the R&R and articulated a legal ground for objection. *See* Fed.R.Civ.P. 72(b)(2); *Marsden*, 847 F.2d at 1548. Accordingly, the district court did not err by failing to conduct *de novo* review of Leatherwood's objections to the R&R.

C. *Negligence Claim*

7

Construing her brief liberally, Leatherwood appears to argue that she was entitled to relief on the merits of her negligence claim. Leatherwood's negligence claim is based, in part, on her assertion that ALC violated its duty to abide by state and federal anti-retaliation laws. This claim fails because, as explained below, the district court correctly granted summary judgment to ALC after finding that ALC did not retaliate against Leatherwood. Thus, even if a duty existed, ALC would not have breached this duty. Leatherwood also asserts that ALC breached its duty to make her aware of an assistant manager opening. However, she cites no authority imposing such a duty on an employer and, later in her brief, admits that Daniels asked her to consider applying for an assistant manager position. Accordingly, Leatherwood was not entitled to relief on her negligence claim.

### D.    *Failure to Consider Supplemental Filings*

The Northern District of Georgia's Local Rules of Civil Procedure provide that a party may file a brief, exhibits, statement of material facts, and reply in support of a motion for summary judgment. N.D. Ga. Rule 56.1(A)-(B). A movant may not file supplemental documents in the absence of a court order. N.D. Ga. Rule 56.1(A).

The district court did not err in refusing to consider Leatherwood's second brief and memorandum in support of her cross-motion for summary judgment,

8

because Leatherwood had already filed a memorandum in support of her cross-motion for summary judgment, and she subsequently filed an additional brief in support of her cross-motion for summary judgment. The local rules permit only one initial brief and one reply in support of a motion for summary judgment. *See* N.D. Ga. Rule 56.1(A)-(B). Similarly, the district court did not err in refusing to consider Leatherwood's reply to ALC's statement of material facts. Leatherwood had already filed a "response to ALC's statement of material facts and the local rules specifically authorize only one response to an opposing party's statement of material facts. *See* N.D. Ga. Rule 56.1(B)(2)(a). Parties are not permitted to file supplemental briefs or materials without the court's permission and, despite her *pro se* status, Leatherwood was required to comply with the rules. *See* N.D. Ga. Rule 56.1(A); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (holding that *pro se* litigants must still comply with procedural rules applicable to ordinary civil litigation). Accordingly, the district court did not err in refusing to consider Leatherwood's supplemental filings that were not authorized by the local rules.

### *E.     Retaliation Claim*

We review the grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable factual inferences "in a light most favorable to the non-

9

moving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

Summary judgment should be granted only when " there is no genuine issue as to

any material fact and . . . the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c)(2).

An employer may not retaliate against an employee because the employee

has opposed an unlawful employment practice or "made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing."

*EEOC v. Total Sys. Serv., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (quoting 42

U.S.C. § 2000e-3(a)). To establish a *prima facie* case of retaliation under Title

VII, the plaintiff must show that: (1) she participated in an activity protected by

Title VII; (2) she suffered an adverse employment action; and (3) there was a

causal connection between the participation in the protected activity and the

adverse employment decision. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir.

2008). With respect to the second element, an employee must show that "a

reasonable employee would have found the challenged action materially adverse,"

such that the action would have "dissuaded a reasonable worker from making or

supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v.*

*White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). "To

establish a causal connection, a plaintiff must show that the decision-makers were

aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Close proximity in time between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated. *McCann v. Tillman*, 526 F.3d 1370 (11th Cir. 2008).

Once a *prima facie* case is established, the burden shifts to the employer to rebut the presumption of retaliation by producing legitimate reasons for the adverse action. *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). "The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct." *Id.*

The district court correctly found that Leatherwood engaged in protected conduct by filing her EEOC charge. *See Total Sys. Serv., Inc.*, 221 F.3d at 1174; 42 U.S.C. § 2000e-3(a). It appears that Leatherwood also suffered an adverse employment actions, because, viewed cumulatively, the multiple counseling notices, negative evaluation, and 30-day probation Leatherwood received likely would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68, 126 S.Ct. at 2415.

However, Leatherwood has failed to establish the final element of a *prima*

11

*facie* retaliation case, because she has failed to show a causal connection between her EEOC charge and the reprimands and negative performance evaluation. First, although Leatherwood received two counseling notices from Daniels on August 7, 2007, ALC did not receive notice of Leatherwood's EEOC charge until August 13, 2007. Because there is no evidence that ALC knew about the EEOC charge at the time the August 7th counseling notices were issued, Leatherwood cannot establish a causal connection. *See Shannon*, 292 F.3d at 716. Leatherwood has also failed to show a causal connection between her EEOC charge and her November 20, 2007, negative performance evaluation. Leatherwood's only argument establishing a causal connection is the fact that she received the negative evaluation after she filed her EEOC charge. However, Leatherwood received the negative evaluation three-and-a-half months after filing her EEOC charge and, therefore, cannot rely on temporal proximity alone to establish causation. *See Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) ("in the absence of any other evidence of causation, a three and one-half month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation").

Leatherwood received two additional counseling notices after filing her EEOC charge – one on September 7th for failing to count petty cash receipts, and one on October 12th for being rude to a customer. Even if Leatherwood could

12

establish a causal connection between the EEOC charge and these counseling notices, ALC articulated legitimate, non-discriminatory reasons for issuing the reprimands, and Leatherwood has failed to show that these reasons are pretext. With respect to the September 7th reprimand, Leatherwood admitted that she failed to count the petty cash receipt. The October 12th reprimand was based on the e-mail of a customer who had complained to ALC that Leatherwood was rude and unprofessional. Accordingly, the district court did not err in granting summary judgment in favor of ALC with respect to Leatherwood's retaliation claim.

### F. *Equal Pay Act ("EPA") Claim*

The EPA provides as follows:

> [n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to . . . a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1). To establish a *prima facie* case under the EPA, a party must show that "the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." *Steger v. General Elec. Co*. 318 F.3d 1066, 1077-78 (11th Cir. 2003) (quotations omitted).

13

"Once the employee presents a *prima facie* case, the employer may avoid liability by proving by a preponderance of the evidence that the pay differences are based on . . . any other factor other than sex." *Id.* at 1078 (quoting 29 U.S.C. § 206(d)(1)). Once the employer meets its burden of establishing an affirmative defense enumerated in § 206(d)(1), "the plaintiff must rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a gender-based differential." *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995).

The district court found that Leatherwood failed to establish a *prima facie* case under the EPA, because she failed to refute ALC's contention that 12 female keyholders were paid at or above Peters's wage. However, the only evidence ALC cites in support of its contention is Newkirk's declaration, which is not notarized and does not contain a handwritten statement declaring "under penalty of perjury that the foregoing is true and correct." Thus, the declaration may not meet the technical requirements of 28 U.S.C. § 1746. *See* 28 U.S.C. § 1746. Because it is not clear whether ALC may rely on Newkirk's in support of its motion for summary judgment, and because ALC does not dispute that Leatherwood, a female keyholder, was paid less than Peters, a male keyholder performing equal work, Leatherwood appears to have established a *prima facie* case under the EPA.

Even if Leatherwood established a *prima facie* case, ALC asserted an affirmative defense – that exigent circumstances, specifically, a staffing shortage and the need to lure Peters away from a competitor, justified paying him a higher wage. The evidence supports ALC's contention that its store was short-staffed. In her deposition and in a February 20, 2007, memorandum, Leatherwood noted that ALC was understaffed. Peters was hired on March 29, 2007, shortly after Leatherwood wrote her February 20th memorandum. Because ALC produced evidence showing that the pay disparity was based on a factor other than sex, the burden shifted to Leatherwood to establish that the proffered reason was pretextual. *See Irby*, 44 F.3d at 954. Leatherwood failed to produce any evidence that ALC was not short-staffed when Peters was hired or that Peters would have worked at ALC for less than $9.00 per hour. Thus, the district court did not err in granting summary judgment in ALC's favor with respect to Leatherwood's EPA claim. Accordingly, we affirm the district court's grant of summary judgment in favor of ALC with respect to all of Leatherwood's claims.

**AFFIRMED.**