**Linda ROUNDTREE, Plaintiff,**

v.

**BUSH ROSS, P.A., Defendant.**

**Case No. 8:14–cv–357–T–27AEP.**

United States District Court,
M.D. Florida,
Tampa Division.

Signed Feb. 17, 2015.

Filed Feb. 18, 2015.

James L. Davidson, Michael L. Greenwald, Greenwald Davidson, PLLC, Boca Raton, FL, for Plaintiff.

Benjamin W. Raslavich, Dale Thomas Golden, Golden Scaz Gagain, PLLC, Tampa, FL, for Defendant.

## *ORDER*

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiff's Renewed Motion for Class Certification and Appointment of Class Counsel (Dkt. 3), which Defendant opposes (Dkt. 44). Plaintiff was granted leave to file a reply (Dkt. 49). Upon review of these filings and after a motion hearing, United States Magistrate Judge Anthony E. Porcelli issued a Report and Rec-

ommendation (Dkt. 58) recommending that Plaintiff's Motion be granted. Defendant filed objections to the Report and Recommendation (Dkt. 64), to which Plaintiff has responded (Dkt. 65). Upon consideration, Defendant's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED except as stated herein** as the opinion of the Court.

## I. INTRODUCTION

The factual background of the dispute is thoroughly discussed in the Report and Recommendation (Dkt. 58) and is briefly recited here. Plaintiff Linda Roundtree owned and occupied a unit in the North Bay Village Condominium Association. (Dkt. 33–6 ¶ 5). Defendant Bush Ross, P.A. sent Roundtree a letter on February 12, 2013, alleging she was delinquent in her account with the condo association and threatening to file a claim of lien and foreclose on the lien. (Dkt. 1–2). The letter included the following language, which Roundtree alleges violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*:

Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim of lien is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the cost of recording the lien ($18.50), a title search ($25.00), and certified mail ($5.00 per unit owner per address), plus additional attorney's fees of approximately $200.00.

\*　　\*　　\*

This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien. Any partial or lesser payment which is received after the date of this letter will be applied in accordance with Florida Statute § 718.116(3), and you will be responsible for all additional attorney's fees and costs.... Any further communication regarding this matter shall be in writing for your own protection. (Dkt. 1 ¶¶ 15–16).

On August 20, 2013, the Association filed a lawsuit in state court, signed by members of Bush Ross, to foreclose on Roundtree's unit.

(*Id.* ¶ 17). Attached to the complaint was a "Notice Required by the Fair Debt Collection Practices Act" (Dkt. 1–3), including the following language which Roundtree alleges violated the FDCPA:

3. The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.

5. If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Request pursuant to this notice may be made via telephone at (813) 204–6492, via facsimile at (813) 223–9620, or via mail addressed to **FAIR DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601.** (Dkt. 1 ¶¶ 18, 60).

Roundtree brought this purported class action, alleging the February 12, 2013 letter violated the FDCPA by causing the least-sophisticated customer to waive his FDCPA rights and overshadowing the required FDCPA notice. (*Id.* ¶¶ 31–36). Roundtree also contended the letter inflated the debt owed by including Bush Ross's fees and that the foreclosure threat was unfair. (*Id.* ¶¶ 39–42, 45–47, 49–51, 53–55). Finally, Roundtree alleged the August 20, 2013 notice included false and misleading representations, among which was the process for responding to a lawsuit, and was misleading her as to customers' FDCPA rights. (*Id.* ¶¶ 57–63).

After extensive briefing and a motion hearing (Dkts. 57, 63–1), Judge Porcelli recommended certifying the following three classes pursuant to Fed.R.Civ.P. 23:

**The Overshadowing Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

and/or

This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

and/or

Any further communication regarding this matter shall be in writing for your own protection.

**The Fee Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

**The Lawsuit Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person. (Dkt. 58 at 21–22).

Bush Ross objects to the certification of all three classes, while Roundtree argues certification is proper.

## II. STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz,* 565 F.3d 1353, 1360 (11th Cir.2009); *see Leatherwood v. Anna's Linens Co.,* 384 Fed. Appx. 853, 857 (11th Cir.2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo. Garvey v. Vaughn,* 993 F.2d 776, 779 n. 9 (11th Cir.1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.,* 208 Fed. Appx. 781, 784 (11th Cir.2006). Even if no objections to the findings or recommendations have been filed, the district court may "undertake 'further review ..., *sua sponte* or at the request of a party, under a de novo or any other standard.'" *Stephens v. Tolbert,* 471 F.3d 1173, 1176 (11th Cir.2006) (quoting *Thomas v. Arn,* 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

## III. DISCUSSION

Bush Ross makes five objections to the Report and Recommendation: (1) whether each class member's debt is subject to the FDCPA is not a question subject to common proof; (2) the letters sent to the purported class members are not uniform and the letter sent to Roundtree in particular is defective; (3) common issues do not predominate over individualized issues related to Bush Ross's affirmative defenses; (4) individualized inquiries are needed to determine actual damages; and (5) the proposed class members are not adequately ascertainable. The objections will be considered in turn.

### A. Debts Incurred 'Primarily for Personal, Family, or Household Purposes'

The FDCPA only applies to debts that are "primarily for personal, family, or household purposes." *Oppenheim v. I.C. System, Inc.,* 627 F.3d 833, 837 (11th Cir.2010) (quoting 15 U.S.C. § 1692a(5)). Bush Ross argues, correctly, that proof that the debt satisfies those criteria is an essential element of the FDCPA. Some of the letters and notices

may have been sent to landlords who lease their condominiums, rather than use them for "personal, family, or household purposes." Bush Ross contends that whether the debts are primarily for personal, family, or household purposes is not capable of proof at trial through common, rather than individual, evidence, and therefore, individual questions predominate over common questions.[1]

Plaintiff does not, and cannot, dispute that whether the debts are primarily for personal, family, or household purposes is an essential element of a FDCPA claim. Plaintiff instead argues that common questions predominate, namely whether Bush Ross's collection letter, attempt to charge consumers with its fees, and notice attached to the state court foreclosure complaints, violate the FDCPA. Plaintiff contends that the necessity of individualized determinations and minor differences among class members do not preclude class certification, citing a number of district court cases that have certified FDCPA class actions based on similar debt collection letters and conduct. Plaintiff also argues that it can easily be determined whether a debt is subject to the FDCPA, either on the claims form or from public records.

█ Determining whether common issues predominate over individual issues, as required by Rule 23(b)(3), requires an analysis of the elements of the underlying claim. *Erica P. John Fund, Inc. v. Halliburton Co.,* — U.S. —, —, 131 S.Ct. 2179, 2184, 180 L.Ed.2d 24 (2011); *Klay v. Humana, Inc.,* 382 F.3d 1241, 1254 (11th Cir.2004). Although Roundtree need not show that each element of her claim is subject to common proof,[2] whether common issues predominate over individual issues "can only be determined after considering what value resolution of the class-wide issue will have in each

class member's underlying cause of action." *Rutstein v. Avis Rent–A–Car Systems, Inc.,* 211 F.3d 1228, 1234 (11th Cir.2000).

While several courts have certified FDCPA classes despite objections that individual issues related to classification of the debt preclude predominance, in most of those cases, the class definition excluded non-consumer debts. *See Walker v. Greenspoon Marder, P.A.,* No. 2:13–cv–14487–KAM, Dkt. 78 at 8, 2015 WL 233472 (S.D.Fla. Jan. 6, 2015) (certifying FDCPA class of persons with "debt incurred for personal, family, or household purposes"); *Collins v. Erin Capital Management, LLC,* 290 F.R.D. 689, 700 (S.D.Fla.2013) (certifying FDCPA class where the "proposed class definition limits the class to persons against whom attempts to collect debts incurred for personal, family, or household purposes"); *Hicks v. Client Services, Inc.,* No. 07–61822–CIV, 2008 WL 5479111 (S.D.Fla. Dec. 11, 2008), at *10 (certifying FDCPA class of consumers who received a communication "to collect a debt incurred for personal, family, or household purposes"); *Macarz v. Transworld Systems, Inc.,* 193 F.R.D. 46, 58 (D.Conn.2000) (certifying FDCPA class of consumers who received communications that "concerned a non-business debt"); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 669 (M.D.Fla.1999) (certifying FDCPA class of consumers with debts "shown by Defendants' records to be primarily for personal, family, or household purposes, *e.g.*—medical services").[3]

█ The class definitions recommended by Judge Porcelli, with the possible exception of the Overshadowing Class,[4] do not limit class members to those whose debts were incurred for personal, family, or household purposes. Accordingly, the class definitions will be re-

---

1. While Bush Ross's contentions arguably relate to both the predominance requirement of Fed. R.Civ.P. 23(b)(3) and the commonality requirement of Rule 23(a), in practice the predominance requirement "is far more demanding than the commonality ... inquir[y] of Rule 23(a)." *In re Photochromic Lens Antitrust Litig.,* No. 8:10–cv–00984–T–27EAJ, 2014 WL 1338605, at *16 (M.D.Fla. Apr. 3, 2014) (Whittemore, J.).

2. *Amgen Inc. v. Conn. Retirement Plans & Trust Funds,* — U.S. —, —, 133 S.Ct. 1184, 1196, 185 L.Ed.2d 308 (2013).

3. *But see Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 702 (S.D.Fla.2004) (certifying class of consumers who received communication "to collect a debt incurred for a residential property assessment").

4. The Overshadowing Class defines the class as receiving a communication in relation to "any alleged consumer debt." (Dkt. 58 at 21).

vised to include only debts incurred for personal, family, or household purposes.[5] Bush Ross's argument that "mini-trials" would be necessary to determine whether the debts incurred were primarily for personal, family, or household purposes is no longer a concern.[6]

■ After the exclusion of non-consumer debts from the class, Bush Ross's remaining objections relating to common proof are unavailing. Roundtree's contentions, including that Bush Ross is a debt collector within the meaning of the FDCPA, that Bush Ross engaged in collection activity, and that its actions violated the FDCPA, are now "capable of classwide resolution—which means that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011).

Bush Ross cites two cases denying class certification for FDCPA claims based on predominance, but these cases are distinguishable.[7] In *Neves v. Nationwide Credit, Inc.,* No. 1:95–cv–1532–GET, 1996 U.S. Dist. LEXIS 22241 (N.D.Ga. Mar. 20, 1996), the court rested its decision not to certify a FDCPA class partly on the plaintiff's adequacy of representation, including her "alarming lack of knowledge" about the lawsuit, not an issue here. *Id.* at *6–8. The court also found a lack of "predominant commonality," based on the "uniquely individual task of determining whether the debt ... was incurred primarily for personal or business purposes." *Id.* at *10. And the proposed class in *Neves* applied to "consumer debts," rather than the more specific and easily determinable test of whether the debts were for personal, family, or household purposes. *Id.* at *3. Here, individual inquiries about the nature of the debt will not predominate over common questions, as non-consumer debts will be excluded from the class.

Bush Ross also cites *Lewis v. Jesse L. Riddle, P.C.,* No. 97–0542, 1998 U.S. Dist. LEXIS 20465 (W.D.La. Nov. 18, 1998), in which the court denied certification based in part on the difficulty of determining whether debts were incurred by consumers or businesses. *Id.* at *13–14. *Lewis,* however, is at odds with the weight of authority certifying FDCPA class actions in similar situations. (*See* Dkt. 58 at 19–20 (collecting cases)).

### B. Uniformity of Debt Collection Communications

Bush Ross's second objection to the Report and the Recommendation is based on the language in its form collection letter. According to Bush Ross, the letter typically stated: "Any further communication regarding this matter *should* be in writing for your protection." Roundtree's letter, however, was modified by an employee "without authorization" to state: "Any further communication regarding this matter *shall* be in writing for your protection." (Dkt. 45 ¶ 28) (emphasis added). As Bush Ross no longer challenges numerosity, it is unclear how the alleged lack of uniformity in the letters undermines the appropriateness of class treatment. If the letters the other consumers received did not include the language in Roundtree's letter (or the other language in the definition of the Overshadowing Class), those consumers simply will not be members of the class. And a decision on whether the 'shall' language violates the FDCPA would bind only those consumers who received a letter that included that language. *See* Rule 23(c). Bush Ross's second objection will therefore be overruled.

### C. Individualized Defenses

■ Next, Bush Ross contends the presence of affirmative defenses, namely that some putative class members may lack standing because they filed for bankruptcy

---

5. "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits." *Prado–Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1273 (11th Cir.2000).

6. Bush Ross's related arguments about the ascertainability of class members are discussed *infra.*

7. Additionally, the overwhelming majority of courts that have considered challenges to certifying FDCPA classes when the communications are allegedly identical have found Rule 23(b)(3) requirements met and certified classes. (*See* Dkt. 58 at 18–20).

after the complained of conduct, that some class members have released Bush Ross, and that others are estopped from bringing FDCPA claims because they asserted them in the lien foreclosure action, means that individualized issues predominate over common questions. While some of these affirmative defenses may create individual issues for some class members, the common issues of whether Bush Ross is subject to the FDCPA and whether its actions violated the FDCPA predominate. *See Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir.2003) (When "issues [related to the elements of the claim] were subject to generalized proof and predominated over the individual issues raised by [defendant's] affirmative defenses, class certification was proper."); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir.2004) ("Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions.").

### D. Damages

Bush Ross's objection to class certification based on the difficulty of determining actual damages is not well taken. As Judge Porcelli pointed out, courts have long "recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." (Dkt. 58 at 19, quoting *Allapattah Servs.*, 333 F.3d at 1261.). "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001) (collecting cases) (*overruled in part on other grounds by In re Initial Public Offerings Securities Litig.*, 471 F.3d 24 (2d Cir. 2006)). Here, the damages issues raised by Bush Ross do not preclude a finding of Rule 23(b)(3) predominance.

### E. Ascertainability of Class Members

Finally, Bush Ross challenges the ascertainability of class members, an "implicit" requirement of Rule 23.[8] *See Bussey v. Macon County Greyhound Park, Inc.*, 562 Fed.Appx. 782, 787 (11th Cir.2014). "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is "adequately defined and clearly ascertainable." " *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir.2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970)).[9] A class is identifiable "if its members can be ascertained by reference to objective criteria." *Bussey*, 562 Fed.Appx. at 787 (quoting *Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90, 97 (S.D.N.Y. 2009)). Further, those objective criteria should be subject to an "administratively feasible" analysis, meaning that "identifying class members is a manageable process that does not require much, if any, individual inquiry." *Id.* (quotation omitted).

Here, Bush Ross maintains records of its collection letters and their recipients, which should provide sufficient information to ascertain the individuals who received the language which allegedly violated the FDCPA. (*See* Dkt. 45 ¶¶ 9, 15–16, 21; Dkt. 31–2 (referencing necessity of file-by-file review to respond to Roundtree's propounded discovery)). Although Bush Ross's files may not include evidence of whether the recipients incurred the debts for "personal, family, or household purposes," this information is available through other channels, including publicly-available homestead records, claims forms, and affidavits of class members. *See Collins*, 290 F.R.D. at 700 (finding that claims forms and additional investigation at the damages stage can determine whether an individual's debt was incurred for personal or business purposes); *Hicks*, 2008 WL 5479111, at *6 ("Several courts have ruled that a debt collector's lack of information regarding the types of debts it collected does

---

8. Roundtree argues that Bush Ross failed to raise this argument before Judge Porcelli, thus waiving it. However, Bush Ross did raise the argument in its brief to Judge Porcelli, albeit briefly, and therefore will be considered. (*See* Dkt. 44 at 28).

9. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

not preclude class certification."). The objection to ascertainability is therefore overruled.

## IV. CONCLUSION

1. Defendant's objections to the Report and Recommendation (Dkt. 64) are **OVERRULED.**

2. The Report and Recommendation (Dkt. 58) is **ADOPTED** as the opinion of the Court, except to the extent stated in this Order, for all purposes, including for appellate review.

3. The following classes are **CERTIFIED:**

 a. **The Overshadowing Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged debt incurred for personal, family, or household purposes, in which the initial written communication stated as follows:

Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.

and/or

This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.

and/or

Any further communication regarding this matter shall be in writing for your own protection.

 b. **The Fee Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt incurred for personal, family, or household purposes from such person.

 c. **The Lawsuit Class:** All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. to collect a debt incurred for personal, family, or household purposes against such person. (Dkt. 58 at 21–22).

4. The parties are **DIRECTED** to submit a revised case management schedule within 14 days of the date of this Order. (*See* Dkts. 55, 56).

## *REPORT AND RECOMMENDATION*

ANTHONY E. PORCELLI, United States Magistrate Judge.

Plaintiff Linda Roundtree ("Roundtree") initiated this action, on behalf of herself and others similarly situated, alleging that Defendant Bush Ross, P.A. ("Bush Ross") violated the Fair Debt Collection Practices Act ("FDCPA") (Doc. 1). By the instant motion, Roundtree requests certification of three distinct classes (Doc. 33). Bush Ross opposes such request, essentially arguing that a number of differences exist between Roundtree and potential class members, thereby precluding certification of any of the proposed classes (Doc. 44). For the reasons that follow, it is recommended that Roundtree's Renewed Motion for Class Certification and Appointment of Class Counsel (Doc. 33) be granted.[1]

## I. Background

On February 12, 2013, Bush Ross sent a written communication (the "Letter") to Roundtree in reference to an alleged debt owed by Roundtree to North Bay Village Condominiums Association, Inc. (the "Association") (Doc. 33, Ex. A). The Letter, which constituted the initial communication from Bush Ross to Roundtree, informed Roundtree that, as of the date of the Letter, her account with the Association was substantially delinquent and she therefore owed a balance of $4,531.12. Namely, the balance included the Association's assessments, a late fee, an administrative fee, interest, short title

---

1. The district judge referred the instant motion to the undersigned for issuance of a report and recommendation (Doc. 34). *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

search fee, costs associated with the preparation and delivery of the demand, and attorney's fees. In addition, the Letter provided Roundtree with the following notice:

> **NOTICE: The attorney named below is attempting to collect a debt owed to NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC. and any information obtained will be used for that purpose.**
>
> **Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the aforesaid debt (or any portion thereof) owing to NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC., the attorney named below shall assume that the debt is valid. If you notify the attorney named below within the said 30–day period that the aforesaid debt, or any portion thereof, is disputed, the attorney named below shall obtain written verification of said debt from NORTH BAY VILLAGE CONDOMINIUM ASSOCIATION, INC., and mail same to you.**

(Doc. 33, Ex. A, at 1–2) (emphasis in original). After listing the various assessments, fees, and interest due, the written communication stated, in pertinent part:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim of lien is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the cost of recording the lien ($18.50), a title search ($25.00), and certified mail ($5.00 per unit owner per address), plus additional attorney's fees of approximately $200.00. Please note that the total amount due is calculated through the date of this letter and does not include maintenance assessments which may become due in subsequent months.
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien. Any partial or lesser payment which is received after the date of this letter will be applied in accordance with Florida Statute § 718.116(3), and you will be responsible for all additional attorney's fees and costs.
>
> Any further communication regarding this matter shall be in writing for your own protection. If you are in doubt about your legal rights or remedies, you should consult the legal counsel of your choice.

(Tr. 33, Ex. A, at 3–4).

Subsequently, on August 30, 2013, Bush Ross, on behalf of the Association, filed a complaint against Roundtree in state court seeking to foreclose upon Roundtree's property as a result of the allegedly delinquent assessments and fees. With the state-court complaint, Bush Ross attached a one-page "Notice Required by the Fair Debt Collection Practices Act" (the "Notice"), which stated:

1. The amount of the debt is set forth in the complaint which is attached to this notice.

2. The Plaintiff has set forth in the attached Summons and Complaint the creditor to whom the debt is owed.

3. The Debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the Debtor notifies the creditor's law firm within thirty (30) days from receipt of this Notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the Debtor by the creditor's law firm.

5. If the creditor named herein is not the original creditor, and if the debtor makes request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Request pursuant to this notice may be made via telephone at (813) 204–6492, via facsimile at (813) 223–9620, or via mail addressed to **FAIR DEBT COLLECTION, c/o Steven H. Mezer, Esquire, BUSH ROSS, P.A., P.O. Box 3913, Tampa, FL 33601.**

7. This communication is for the purpose of collection of a debt, and any information obtained from the debtor will be used for that purpose.

(Doc. 33, Ex. C). Notably, the state-court complaint and the Notice were served on Roundtree more than 30 days after the initial written communication was sent to Roundtree.

After receiving the Letter and the Notice, Roundtree initiated this action, on behalf of herself and others similarly situated, alleging that Bush Ross violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g (Doc. 1). Essentially, Roundtree alleged that the Letter would cause the least-sophisticated consumer to waive, or believe the consumer did not possess, the rights afforded under the FDCPA and rendered ineffective and overshadowed the statutory notice Bush Ross made pursuant to the FDCPA. Further, Roundtree alleged that the Letter improperly overstated the amount owed by Roundtree because the balance included fees and expenses allegedly incurred by Bush Ross in connection with the collection of the debt, to which Bush Ross was not entitled as such fees were neither authorized by any agreement creating Roundtree's debt or permitted by law. Roundtree alleged that Bush Ross therefore improperly sought to charge and collect fees incident to Roundtree's debt. According to Roundtree, Bush Ross's use of the Letter to collect the debt also constituted an unfair or unconscionable means to collect or attempt to collect a debt because of the Letter's threat to place a lien and foreclose upon Roundtree's property if full payment was not made within 30 days, especially when considered with the allegedly unauthorized fees and expenses listed in the Letter. Finally, Roundtree alleged that the Notice contained multiple false and misleading representations that inaccurately stated the process for responding to a lawsuit under Florida law, directed Roundtree to contact Bush Ross directly rather than file anything

with the court, and misrepresented to Roundtree that she still possessed the rights and protections under the FDCPA even though such rights had actually lapsed prior to receipt of the Notice.

In asserting her claims, Roundtree alleged violations on behalf of herself and those similarly situated. Indeed, each claim is asserted on behalf of Roundtree and a proposed class.[2] By the instant motion, Roundtree seeks to certify the following three classes:

### The Overshadowing Class [3]

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.
>
> and/or
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.
>
> and/or
>
> Any further communication regarding this matter shall be in writing for your own protection.

### The Fee Class

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

---

**2.** Count I pertains to the Overshadowing Class; Counts II–V pertain to the Fee Class; and Count VI pertains to the Litigation Class (Doc. 1, at 7–14).

**3.** The undersigned conducted a hearing on the instant motion on December 3, 2014. During

the hearing, Roundtree asserted that she had no objection to excluding from the Overshadowing Class individuals for whom the initial written communication was returned as undeliverable. The Overshadowing Class has been modified accordingly.

**The Lawsuit Class**

All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person.

(Doc. 33, at 2–3). Bush Ross opposes certification of any class, arguing that the proposed classes do not satisfy the requirements of Rule 23, Federal Rules of Civil Procedure (Doc. 44). Most notably, Bush Ross contends that individualized issues predominate over the common questions of law and fact present in Roundtree's and the putative class members' FDCPA claims, including such issues as the FDCPA's protection of consumers rather than landlords, inclusion of persons in a class whose claims may be barred, the computation of each class member's actual damages, and the inclusion of unidentifiable persons who may have claims and would unknowingly become bound by a final judgment (Doc. 44, at 2).

## II. Standard of Review

 District courts maintain broad discretion in determining whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir.1992). Since the class action provides an exception to the general rule that litigation be conducted by and on behalf of the individual named parties only, to justify certification of a class, a class representative must be a member of the class and possess the same interest and suffer the same harm as the class members. *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (citations omitted). The advocate of the class thus carries the initial burden of proof to establish the propriety of class certification. *Rutstein v. Avis Rent–A–Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir.2000) (citation omitted).

In determining whether class certification is appropriate, "Rule 23 establishes the legal roadmap courts must follow." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir.2003). Namely, Rule 23(a) requires the moving party to demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a)(1)-(4). "Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification." *Valley Drug*, 350 F.3d at 1188 (citation omitted); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, 1282 (11th Cir.2011) ("To satisfy Rule 23, the putative class must meet each of the four requirements specified in 23(a), as well as at least one of the three requirements set forth in 23(b)." (citation omitted)).

Accordingly, if a court determines that the moving party established the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), the court then determines whether the moving party established the requirements of one of three possible categories under Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir.2012) (citations omitted). In this instance, Roundtree seeks certification of the classes pursuant to Rule 23(b)(3). Under Rule 23(b)(3), a class action may be maintained if Rule 23(a) is satisfied and if:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3)(A)-(D).

 In determining the propriety of a class action, the question is whether the moving party meets the requirements of Rule 23, not whether the moving party states a cause of action or will prevail on the merits. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (citation omitted). Though a district court may not properly reach the merits of a claim when considering the propriety of class certification, "this principle should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements." *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir.1984) (internal citation omitted). Indeed, though a district court should not determine the merits of the moving party's claim at the class certification stage, the district court can consider the merits to the degree necessary to determine whether the moving party satisfied the requirements of Rule 23. *Heffner v. Blue Cross and Blue Shield of Ala., Inc.,* 443 F.3d 1330, 1337 (11th Cir.2006) (citations omitted); *see Dukes,* 131 S.Ct. at 2551–52 (stating that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, ... and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied ... Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (internal citations, internal quotations, and citations omitted)).

## III. Discussion
### A. Standing

 Prior to the certification of a class, and before undertaking any formal typicality or commonality review, "the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." *Prado–Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 (11th Cir.2000). Roundtree asserts her individual and class claims in this action pursuant to the FDCPA based upon her receipt of the Letter and the Notice from Bush Ross. In response, Bush Ross does not dispute Roundtree's standing to bring such claims. Accordingly, the analysis turns to whether Roundtree met the requirements of Rule 23.

### B. Rule 23(a)
#### i. Numerosity

 Initially, Roundtree must demonstrate that the class is so numerous that joinder of all members would be impracticable. Fed.R.Civ.P. 23(a)(1). To establish numerosity, the moving party typically must demonstrate either some evidence or a reasonable estimate of the number of purported class members. *Kuehn v. Cadle Co., Inc.,* 245 F.R.D. 545, 548 (M.D.Fla.2007) (citation omitted). Though no fixed numerosity rule exists, generally determines less than twenty-one members of a proposed class is inadequate to establish numerosity and more than forty members of a proposed class is adequate to establish numerosity, with numbers between varying based upon other factors. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.1986); *see Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir.1986) (concluding that a district court did not abuse its discretion in finding that the numerosity requirement had been met where a plaintiff identified at least thirty-one individual class members). In determining numerosity, a district court may consider such factors as the size of the class, the ease of identifying the class members and determining the addresses of class members, the facility of effecting service upon class members if joined, and the geographic dispersion of class members. *Kilgo,* 789 F.2d at 878.

Here, Roundtree contends that more than fifty Florida residents are members of each of the three proposed classes (Doc. 33, at 12). Roundtree bases this assertion upon Bush Ross's Amended Response to Roundtree's First Set of Interrogatories (Doc. 33, Ex. B),

in which Bush Ross states that it (1) sent more than fifty first-contact collection letters containing the sentence "Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon" to Florida addresses between February 7, 2013 and February 6, 2014, in an attempt to collect a debt on behalf of an association; (2) sent more than fifty first-contact collection letter containing the sentence "This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien" to Florida addresses between February 7, 2013 and February 6, 2014, in an attempt to collect a debt on behalf of an association; (3) sent more than fifty letters to Florida addresses between February 7, 2013 and February 6, 2014, seeking payment of monies purportedly due an association, including attorneys' fees and/or expenses incurred in connection with Bush Ross's legal services; and (4) filed more than fifty foreclosure complaints on behalf of an association in an attempt to collect past-due assessments in Florida between February 7, 2013 and February 6, 2014 (Doc. 33, Ex. B., at 9–13). Furthermore, Bush Ross provided sworn testimony by a shareholder that, during the period of time beginning February 7, 2013 and ending February 6, 2014, "Bush Ross has collectively sent or served more than 1,000 collection letters or foreclosure lawsuits" (Doc. 45, Declaration of Eric N. Appleton ("Appleton Decl."), at ¶ 9). Notably, though Bush Ross initially contested the issue of numerosity, it conceded the issue during the hearing on the instant motion. As a result, Roundtree has established numerosity.

### ii. Commonality

Roundtree next must establish commonality, or that there exists questions of law or fact common to the class. Fed. R.Civ.P. 23(a)(2). Commonality pertains to the group characteristics of the class as a whole, whereas typicality pertains to the individual characteristics of the named plaintiff in relation to the class. *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citation omitted). To meet the commonality requirement, the moving party must demonstrate that the class action involves issues susceptible to class-wide proof. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir.2009) (citation omitted). Essentially, the moving party must show that the determination of the truth or falsity of a common contention will resolve an issue that is central to the validity of each of the claims in one stroke. *Dukes*, 131 S.Ct. at 2551. Commonality therefore requires "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams*, 568 F.3d at 1355 (citation and quotation omitted). Notably, "Rule 23 does not require that all the questions of law and fact raised by the dispute be common." *Cox*, 784 F.2d at 1557 (citations omitted).

In this instance, Roundtree asserts that her claims and the claims of the putative class members originate from the same conduct, practice, and procedure employed by Bush Ross. Namely, Bush Ross issued standardized initial debt collection letters, charged and sought to collect fees incident to the collection of a debt, and included untimely debt collection disclosures in its foreclosure filings. The question of whether each of these actions by Bush Ross violates the FDCPA is a legal question common to all members of the putative class and requires proof of the same material facts. *See Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D.Fla.2000) ("The principle legal issues arising from the collection letters is whether the letters violate the FDCPA and FCCPA. All members of the prospective class could be affected from the issue regarding the letters sent. The Court finds the commonality requirement is satisfied because one common issue is sufficient to meet the commonality requirement of Rule 23."); *see Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D.Fla.1999) ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." (citations omitted)). Though Bush Ross contends that the determination of the nature of each putative class member's debt (residential or commercial), the potential awards of damages for each putative class member, and the issue of whether a putative class member entered into a settlement or

release or filed for bankruptcy defeat the commonality and typicality inquiries, such an argument is unavailing in light of the overarching commonalities of law and fact. Accordingly, Roundtree has established the commonality requirement.

### iii. Typicality

 The next requirement Roundtree must demonstrate is that of typicality. Though the issues of commonality and typicality require separate inquiries, the proof required for each tends to merge. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir.1996) (citation omitted). As the Eleventh Circuit explained, typicality involves the following:

> A class may be certified only if the claims or defenses of the representative parties are typical of the claims or defenses of the class. The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). The typicality requirement may be satisfied despite substantial factual differences when there is a strong similarity of legal theories.

*Williams*, 568 F.3d at 1356–57 (internal citations and internal quotation marks omitted); *see Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984) ("A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. Typicality, however, does not require identical claims or defenses. A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." (citations omitted)).

As noted above, Roundtree asserts that the claims originate from the same conduct, practice, and procedure employed by Bush Ross with respect to its debt collection efforts. As a result of those practices, Roundtree contends that she possesses the same interests, suffered the same injuries, asserts identical claims, and seeks identical relief as that of the putative class members. Namely, during the proposed class period, Roundtree received the Letter from Bush Ross with the overshadowing language, Bush Ross sent Roundtree a demand for payment of its fees and expenses incurred in connection with its attempts to collect a consumer debt, and Roundtree received the Notice as part of a lawsuit initiated by Bush Ross against her (*see* Doc. 33, Exs. A, C). Furthermore, all of Bush Ross's actions occurred in Florida. As such, Roundtree possesses the same interests and suffered the same injuries as the members of the proposed classes and can therefore assert identical claims and seek identical relief as the members of the proposed classes. *Williams*, 568 F.3d at 1357; *see Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir.2001) (citation omitted) ("A class representative must possess the same interest and suffer the same injury as the class members in order to by typical under Rule 23(a)(3)" (citation omitted)).

 Notwithstanding, Bush Ross reiterates its contention that the determination of the nature of each putative class member's debt (residential or commercial), the potential awards of damages for each putative class member, and the issue of whether a putative class member entered into a settlement or release or filed for bankruptcy defeats the typicality inquiry. As the Eleventh Circuit has explained, however, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." *Kornberg*, 741 F.2d at 1337 (citation omitted). Furthermore, though a defendant may have a stronger defense against some of the putative class members, such a difference should not render a plaintiff's claims atypical. *Id.* Finally, with respect to the determination of the nature of each putative class member's debt, numerous courts have determined that, in a FDCPA action, a plaintiff need not demonstrate at the class certification stage that the underlying transactions or debt were consumer transactions or consumer debts. *See, e.g., Wilkerson v. Bowman*, 200 F.R.D. 605, 609 (N.D.Ill.2001) ("As this court's colleagues have noted, the need to show that the transactions involved in a particular case are consumer transactions is inherent in ever

FDCPA class action. If that need alone precluded certification, there would be no class actions under the FDCPA." (citations omitted)); *see also Swanson,* 186 F.R.D. at 668 ("To establish commonality under Rule 23 in a FDCPA action, however, a plaintiff need not show that the underlying transactions are consumer transactions at the class certification stage." (citation omitted)). Accordingly, based on the foregoing, Roundtree satisfied the typicality requirement.

### iv. Adequacy of Representation

 Finally, Roundtree must satisfy the adequacy-of-representation requirement, which requires the representative party in a class action to fairly and adequately protect the interests of those she purports to represent. Fed.R.Civ.P. 23(a)(4); *Valley Drug,* 350 F.3d at 1189. In considering this requirement, the moving party must demonstrate both (1) that her interests and that of her counsel are not antagonistic to or in substantial conflict with those of the rest of the class and (2) that she and her counsel are generally able to adequately prosecute the action and conduct the proposed litigation. *See Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1323 (11th Cir.2008); *see Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.1987). Furthermore, in appointing class counsel, a district court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(1)(A)(i)-(iv).

Roundtree asserts that her claims are typical of the claims of members of the proposed classes, she has been actively involved in the prosecution of this case thus far, she is committed to fairly and adequately protecting the interests and acting in the best interests of the members of the classes, and she understands her responsibilities as a class representative (Doc. 33, Ex. F, Declaration of Linda Roundtree ("Roundtree Decl."), at 2). In pursuing her claims, Roundtree retained the services of the firm of Greenwald Davidson PLLC ("Greenwald"). As set forth in greater detail in her motion, Greenwald has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions.

In response, Bush Ross does not contend that the interests of Roundtree or Greenwald are antagonistic or in substantial conflict with the interests of the rest of the purported class members. Likewise, Bush Ross does not argue, and nothing in the record indicates, that Roundtree and Greenwald cannot adequately prosecute the action or conduct the proposed litigation. Accordingly, the undersigned finds that both Roundtree and Greenwald will adequately represent the classes in this action and that Greenwald should be appointed as class counsel.

### C. Rule 23(b)(3)

Having satisfied the requirements of Rule 23(a), the analysis turns to whether Roundtree can establish that the proposed class satisfies at least one of the three requirements enumerated in Rule 23(b). *Little,* 691 F.3d at 1304 (citations omitted). As noted above, Roundtree seeks to certify the Overshadowing Class, Fee Class, and Litigation Class pursuant to Rule 23(b)(3), which permits class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

### i. Predominance

 To satisfy the predominance requirement, the moving party must demonstrate that the issues in the class action subject to generalized proof, and therefore applicable to the class as a whole, predominate over the issues subject only to individualized proof. *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997) (citations omitted). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Windsor,* 521 U.S. at 623, 117 S.Ct. 2231. The predominance inquiry thus focuses upon the legal

or factual questions that qualify each class member's case as a genuine controversy and, therefore, is a far more demanding requirement than the commonality requirement under Rule 23(a). *Jackson,* 130 F.3d at 999 (citation omitted). Indeed, predominance requires more than just the presence of common issues. The common issues must actually outweigh and predominate over any individualized issues involved in the litigation. *Muzuco v. Re$ubmitIt, LLC,* 297 F.R.D. 504, 518 (S.D.Fla.2013).

■ "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein,* 211 F.3d at 1234 (citations omitted). Accordingly, the determination of whether questions of law or fact common to class members predominate necessarily starts with the elements of the underlying cause of action. *Erica P. John Fund, Inc. v. Halliburton Co.,* — U.S. —, 131 S.Ct. 2179, 2184, 180 L.Ed.2d 24 (2011). In this instance, Roundtree alleged that Bush Ross violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g (Doc. 1). To prevail on a claim under the FDCPA, a plaintiff must demonstrate that (1) he or she was the object of collection activity arising from consumer debt; (2) the defendant is a debt collector, as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *See McCorriston v. L.W.T., Inc.,* 536 F.Supp.2d 1268, 1273 (M.D.Fla.2008).

Here, the issues of whether Bush Ross is a debt collector and engaged in collection activity and whether Bush Ross engaged in an act or omission prohibited by the FDCPA are issues common to Roundtree and the members of each of the proposed classes. Furthermore, the claims of Roundtree and the class members derive from the same legal theories, involve the same collection letters and notices and fee collection practices, and warrant the same statutory damages as a remedy. *Gaalswijk–Knetzke v. Receivables Mgmt. Servs. Corp.,* No. 8:08–cv–493–T–26TGW, 2008 WL 3850657, at *4 (M.D.Fla. Aug. 14, 2008) ("[T]he Court finds that all of the claims of the named Plaintiff and the class members are based on the same legal theories, the same form collection letters, and the same remedy-statutory damages."); *see Sharf v. Fin. Asset Resolution, LLC,* 295 F.R.D. 664, 671 (S.D.Fla.2014) ("Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate." (citation omitted)); *see Klewinowski v. MFP, Inc.,* No. 8:13–cv–1204–T–33TBM, 2013 WL 5177865, at *4 (M.D.Fla. Sept. 12, 2013) (finding that the requirement of predominance had been met where the plaintiff and all members of the putative class were the subject of the same collection activity and the common question to be decided was whether a collection letter violated the FDCPA); *see Fuller,* 197 F.R.D. at 700–01 (determining that the plaintiff met the requirements of Rule 23(b)(3) where the essential factual link between all of the prospective class members was the letters sent by the defendants and the basis for the plaintiffs' claim was the language and content of the letters). These common issues predominate over any individualized issues regarding whether each class member's debt qualified as a consumer debt, the individual defenses available, and whether each class member would be entitled to actual damages. *See Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248, 1261 (11th Cir.2003) (noting that "numerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." (citations omitted)); *see Collins v. Erin Capital Mgmt., LLC,* 290 F.R.D. 689, 700 (S.D.Fla.2013) (determining, in a FDCPA action, that the issue of whether the debts are consumer debts does not require individual determinations that would trump the predominance of the legal issues commonly applicable to the putative class members and that the mere existence of individualized defenses does not preclude a finding of predominance); *see Hicks v. Client Servs., Inc.,* No. 07–61822–CIV, 2008 WL 5479111, at *6 (S.D.Fla. Dec. 11, 2008) (noting that "[s]everal courts have ruled that a debt collector's lack of information regarding the types of debts it collected does not preclude class certification." (citations omitted)). Indeed, the existence of some individual questions of

law or fact will not negate the predominance of issues common to the classes. *Gaalswijk–Knetzke,* 2008 WL 3850657, at *4; *see Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 700 (S.D.Fla.2004) (noting that not all questions of law or fact need be in common to establish predominance and that a few individual questions will not negate the predominance of common issues). Accordingly, given that the common issues of fact and law outweigh any individualized inquiries in this matter, Roundtree has established the predominance requirement.

### ii. Superiority

Finally, Roundtree must establish that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed.R.Civ.P. 23(b)(3). The superiority analysis focuses upon the relative advantages of proceeding as a class action suit over any other forms of litigation that might be realistically available to a moving party. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1183–84 (11th Cir.2010). Here, given the large number of claims, the relatively small amount of damages available, the desirability of consistently adjudicating the claims, the high probability that individual members of the proposed classes would not possess a great interest in controlling the prosecution of the claims, and the fact that it would be uneconomical to litigate the issues individually, a class action is the superior method by which Roundtree and the class members' claims under the FDCPA should be adjudicated. *Muzuco,* 297 F.R.D. at 522 (citation and quotation omitted); *see Klewinowski,* 2013 WL 5177865, at *5 (finding that the large number of claims, the relatively small statutory damages, desirability of adjudicating the claims consistently, and the probability that individual members would have little interest in controlling the prosecution of FDCPA claims indicated that a class action would be the superior method of adjudication). Indeed, the FDCPA anticipates the maintenance of class actions by plaintiffs. 15 U.S.C. § 1692k(a)(2)(B); *see Gaalswijk–Knetzke,* 2008 WL 3850657, at *5 ("Congress, however did not contemplate that suits under the FDCPA would be adjudicated by means of large numbers of individuals filing separate suits. On the con-

trary, Congress provided for class actions as a means for recovery to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action." (internal footnote, internal quotation, and citation omitted)). For the foregoing reasons, therefore, a class action is the superior method for proceeding in this action.

### IV. Conclusion

Based on the foregoing, it is hereby

RECOMMENDED:

1. Roundtree's Renewed Motion for Class Certification and Appointment of Class Counsel (Doc. 33) be GRANTED.

2. Pursuant to Rule 23, the Court certify the following classes:

a. *The Overshadowing Class:* All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent an initial written communication, which was not returned as undeliverable, in connection with an attempt to collect any alleged consumer debt, in which the initial written communication stated as follows:

> Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate actions to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon.
>
> and/or
>
> This is the only communication regarding this matter that you will receive prior to the filing of a claim of lien.
>
> and/or
>
> Any further communication regarding this matter shall be in writing for your own protection.

b. *The Fee Class:* All persons located in the State of Florida to whom, between February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a demand for payment for Bush Ross, P.A.'s fees and expenses incurred in connection with its attempts to collect a debt from such person.

c. *The Lawsuit Class:* All persons located in the State of Florida to whom, be-

tween February 7, 2013 and February 6, 2014, Bush Ross, P.A. sent a "Notice Required by the Fair Debt Collections Practices Act" as part of a lawsuit filed by Bush Ross, P.A. against such person.

3. The Court appoint the law firm of Greenwald Davidson PLLC as class counsel.

IT IS SO REPORTED in Tampa, Florida, this 10th day of December, 2014.